**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John D. STOLARZ, Defendant-Appellant.**

**No. 76–1857.**

United States Court of Appeals, Ninth Circuit.

March 17, 1977.

George R. Nock, Associate Professor, University of Puget Sound School of Law, Tacoma, Wash., for defendant-appellant.

Robert M. Taylor, U. S. Atty., John S. Obenour, Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

* The Honorable Albert C. Wollenberg, Senior United States District Judge for the Northern District of California, sitting by designation.

1. We had previously remanded the case to permit appellant to make a showing to the district court of excusable neglect that would justify extension of the time to file notice of appeal. *United States v. Stolarz*, 547 F.2d 108 (1976),

Before TRASK and ANDERSON, Circuit Judges, and WOLLENBERG,* District Judge.

WOLLENBERG, District Judge:

While a prisoner at the United States Penitentiary at McNeil Island, Washington, appellant was charged in a one count indictment with assaulting another prisoner with intent to commit murder in violation of 18 U.S.C. § 113(a). Over his objection, the jury was instructed that they might find him guilty either of the offense charged or the lesser included offense of assault with a dangerous weapon with intent to do bodily harm, 18 U.S.C. § 113(c). The jury found appellant not guilty of the crime charged in the indictment, but found him guilty of the lesser included offense. We affirm.[1]

## I. Lesser Included Offense.

At trial, the victim testified that appellant was his assailant. One inmate testified that appellant had admitted to him that he had stabbed the victim. Another inmate testified that appellant asked him to be on the lookout for correctional officers while "he did something" to the victim and that appellant shortly thereafter told him that he had "got" the victim by a stabbing. Appellant denied the stabbing and denied the conversations with the two inmates who had testified on behalf of the government. An inmate witness called on his behalf testified that the victim had stated in a conversation that his assailant was unknown. Another inmate testified that he had witnessed the stabbing and that appellant was not the assailant.

the district court found that there was excusable neglect and made an appropriate order that renders the notice of appeal timely. Accordingly, we proceed to the merits of the appeal.

At the government's request and over the objection of the appellant, the trial judge instructed the jury that they were permitted to find appellant guilty of the lesser included offense of assault with a dangerous weapon with intent to do bodily harm. The principle argument advanced in this appeal is the impropriety of permitting the jury to consider this charge.[2]

Appellant's first argument is that the offense defined by 18 U.S.C. § 113(c) can never be a lesser included offense when a defendant is charged only with violating 18 U.S.C. § 113(a). He reasons that a conviction under Section 113(c) requires proof of the use of a dangerous weapon while an assault with intent to commit murder under Section 113(a) may be committed without using a dangerous weapon. Relying on the commonly accepted statement that a lesser included offense "must not require some additional element not needed to constitute the greater offense,"[3] he concludes that the statutory definitions of the two crimes precluded the giving of a lesser included offense instruction to the jury.

■ We cannot accept appellant's mechanistic approach to the determination of this question. "To determine that two offenses in a given case are in the relation of greater offense and lesser included offense is not as simple as defining the elements of the two offenses separately and laying them side by side, for this area of the law is encrusted with much ancient lore." *United States v. Whitaker,* 144 U.S.App.D.C. 344, 447 F.2d 314, 318 (1971). After consideration of the language of Rule 31(c), Federal Rules of Criminal Procedure, and prior cases, the *Whitaker* court concluded that the proper test is whether there is an "inherent" relationship between the greater offense and the crime alleged to be a lesser included offense. By this, the court meant that the two offenses "must relate to protection of the same interests, and must be so related that in the general nature of these crimes, though not necessarily invariably, proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater offense." *Id.* at 319. We are in accord with this description of the test for determination of a lesser included offense and proceed to apply it to the offenses involved herein.

■ It is clear that both Section 113(a) and Section 113(c) relate to the protection of the same interest in preventing and punishing assaults within federal jurisdictions. The statute is worded in such a way that the two sections in question here even appear as two possible punishments depending on the severity of the assault and the intent behind it rather than as two definitely distinct offenses.[4] While all assaults with intent to commit murder do not involve the use of a dangerous weapon, it cannot be denied that such assaults are commonly perpetrated by the use of dangerous weapons. This is not to say that Section 113(c) is always a lesser included offense of Section 113(a). Cf. *United States v. Kearney,* 162 U.S.App.D.C. 110, 498 F.2d 61, 64 (1974). It does mean that we reject appellant's contention that Section 113(c) can never be a lesser included offense when a defendant is charged with violating Section 113(a).

---

2. Although the objection raised by appellant's attorney was unequivocal, it is interesting to note that the objection was raised at appellant's request and against the judgment of his attorney, R.T. 420. None of the grounds raised on this appeal with respect to the instruction were ever brought to the attention of the trial judge.

3. See, e. g., *Olais-Castro v. United States,* 416 F.2d 1155, 1157 (9th Cir. 1969).

4. In pertinent part, 18 U.S.C. § 113 provides that:

Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:

(a) Assault with intent to commit murder or rape, by imprisonment for not more than twenty years.

. . . . .

(c) Assault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse, by fine of not more than $1,000 or imprisonment for not more than five years, or both.

■ Appellant points out that the *Whitaker* decision was in favor of a defendant whose request for a lesser included offense instruction had been denied by the trial judge. He contends that the "inherent" relationship test may be invoked only to aid a defendant and that the government may obtain a lesser included offense instruction only when the lesser offense must necessarily be included in the charged offense under the statutory definition of the latter. We cannot read into the *Whitaker* opinion such a proposition. The "inherent" relationship test refers to the problem of defining a crime to be a lesser included offense and is equally relevant no matter which party in the case requests a lesser included offense instruction. The more stringent standards pertaining to the government's request for such an instruction apply to the question of notice to the defendant that, in a particular case, the charging of one offense includes the possibility of conviction on another offense. The *Whitaker* decision discussed this issue separately from the definitional problem involved with the "inherent" relationship test. 447 F.2d at 319–321. See also *United States v. Brewster,* 165 U.S.App. D.C. 1, 506 F.2d 62, 74 (1974).

■ In this case, there was ample notice to the defendant that he might face a charge under Section 113(c). Any defense attorney is on notice that a lesser included offense instruction may be given pursuant to Rule 31(c). The defense here was also on notice of the similar language of the two offenses, the close relationship of the two offenses in the text of the statute, and the logical relationship of the two offenses. Cf. *United States v. Brewster, supra,* 506 F.2d at 74–75. The language of the indictment itself charged the use of a knife in the assault, and the government's case never contended that the assault was perpetrated by any other means, so appellant was even given specific notice of the particular dangerous weapon alleged to be involved.[5] Ap-

pellant cannot claim that his defense presented at trial was prejudiced by the charge to the jury of an offense not charged in the indictment, for his defense that he was not the person who stabbed the victim was equally applicable to either offense presented in the jury instructions.

■ Before a lesser included offense instruction may be given, there must be some evidence which would justify conviction for that offense. In addition, such an instruction is proper only when "the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense." *Sansone v. United States,* 380 U.S. 343, 350, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965). Appellant argues that since the evidence shows that the victim was assaulted with a dangerous weapon, in this case the element differentiating the two charged offenses is the nature of the intent necessary to support a conviction. He argues that the evidence shows only an intent to kill and that there is no evidence of an intent to do bodily harm (short of the bodily harm of murder). It also follows from his argument that there was no dispute over the factual elements that differentiates the two charged offenses and he asserts that "the prosecution cannot go to the jury, over the objection of the defendant, on both the lesser and the greater offense unless an element which distinguishes the two is disputed." *United States v. Harary,* 457 F.2d 471, 478 (2d Cir. 1972).

Unlike the *Harary* case, appellant herein denied having the intent necessary for conviction on either of the charged offenses and the jury was required to determine whether the defendant stabbed the victim and, if so, with what intent. Appellant argues that the nature of the weapon and of the attack on the victim leave no doubt that the assault was committed only with the intent to murder. However, despite appellant's somewhat sarcastic derogation of the government's argument on this issue,

---

5. We do not decide whether the "surplus" language in the indictment broadened the range of lesser offenses that could be charged beyond those permitted by the "inherent" relationship test. Cf. *Kelly v. United States,* 125 U.S.App. D.C. 205, 370 F.2d 227, 228 n. 1 (1966).

we cannot say, based upon the evidence introduced at the trial, that the jury's finding of an intent to do bodily harm short of murder was unreasonable. Cf. *United States v. Crutchfield,* 547 F.2d 496 (9th Cir. 1977).

 Admitting that his argument is novel and unsupported by previous cases on this subject, appellant also argues that his due process right to a fair trial was violated by the giving of a lesser included offense instruction over his objection. His claim depends to a great degree on events occurring after the giving of the instruction, particularly the length of jury deliberations in this case. It would appear that appellant's proposed balancing test would come out in the defendant's favor whenever the case was close. We believe that the traditional common law and constitutional principles that inform the charging of lesser included offenses pursuant to Rule 31(c) sufficiently protect a defendant's right to a fair trial and that appellant's due process rights were not abridged in this case.

## II. Waiver of Twelve Member Jury.

After the jury had deliberated for approximately eleven hours, one of the jurors developed a nosebleed and did not return for further deliberations. The trial judge instructed the eleven remaining jurors to proceed and that the absent juror would be excused if he did show up. Defendant was not present in court at this time, but an attorney representing him was there and made no objection. The trial judge referred to a pre-trial stipulation that deliberations could proceed in the event one juror became disabled. R.T. 485. The docket sheet in the district court indicates that a written stipulation on this subject was filed with the district court but it was not designated by appellant as part of the record on appeal.

 Rule 23(b), Federal Rules of Criminal Procedure, provides that "at any time before verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than 12." A written stipulation provides "the best record of evidence" of the defendant's consent. *United States v. Guerrero-Peralta,* 446 F.2d 876, 877 (9th Cir. 1971), citing *United States v. Virginia Erection Corp.,* 335 F.2d 868, 871 (4th Cir. 1964). But, cf. *United States v. Ricks,* 155 U.S.App.D.C. 57, 475 F.2d 1326, 1328 (1973). The rule does not require that the defendant again consent when the stipulation is put into effect.[6] Although circumstances required that the stipulation be put into effect, those circumstances were precisely those contemplated by the rule providing for such stipulations, and the nature of the right waived by the stipulation did not change because of the change in circumstances. Any suggestion that the written consent in this case was invalid cannot be entertained on this appeal, for such a claim would depend on matters wholly outside the record.

## III. Admission of Evidence.

We find no error in the admission of the knife into evidence. As to the lack of an instruction concerning this particular exhibit, appellant neither proposed one nor objected to the absence of such an instruction. See R.T. 422. Under the circumstances, we find no "plain error" requiring reversal.

Appellant's conviction is accordingly affirmed.

**AFFIRMED.**

---

6. In *United States v. Smith,* 523 F.2d 788 (5th Cir. 1975), the defendant apparently made a valid stipulation to accept a jury of less than twelve should that become necessary. After about a day of trial, one juror was excused and the trial proceeded despite the defendant's objection that his Rule 23(b) waiver was invalid. On appeal, the majority found the waiver to be valid and affirmed the conviction. This conviction could not have been affirmed if the defendant had to be permitted to reconsent to a prior valid Rule 23(b) waiver. Even the dissenting opinion did not adopt appellant's position as advanced here.