**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William F. RABORN, III and Samuel H.
Cole, Defendants-Appellants.**

**Nos. 77–1847 and 77–1860.**

United States Court of Appeals,
Ninth Circuit.

Jan. 31, 1978.

Rehearing Denied May 10, 1978.

Jerry K. Cimmet, San Francisco, Cal., for defendants-appellants.

Floyd E. Dawson, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before WALLACE and SNEED, Circuit Judges, and PALMIERI,* District Judge.

SNEED, Circuit Judge:

Appellants Raborn and Cole were employees of the United States Postal Service. This appeal stems from charges that appellants corruptly received gifts from two individuals representing corporations doing business with the Postal Service. The charges resulted in a fourteen-count indictment naming Raborn and Cole as co-defendants.

The counts involving Cole were severed and Raborn was tried first. He was convicted of five counts of bribery, 18 U.S.C. § 201(c), one count of accepting a gratuity, 18 U.S.C. § 201(g), two counts of submitting false claims against the United States, 18 U.S.C. § 287, one count of tax evasion, 26 U.S.C. § 7201, and one count of filing a false return, 26 U.S.C. § 7206(1). He received a five-year sentence for the bribery, false claims, and tax evasion convictions, a two-year sentence for accepting a gratuity, and a three-year sentence for filing a false return. All sentences are to be served concurrently.

Following Raborn's conviction, Cole pleaded guilty to two counts of accepting a gratuity, and the trial court, sitting without a jury, found him guilty of two counts of tax evasion, 26 U.S.C. § 7201. Cole received a sentence of eighteen months on each count, said terms to run concurrently.

■ On appeal appellants argue that their Fifth Amendment privilege against self-incrimination should bar their convictions on the tax counts. In essence they assert that because their income was derived from illegal sources, an admission on a tax return would be incriminating and therefore, in filing their returns, the rights against self-incrimination adhere. However, appellants failed to raise the privilege at the time of filing their returns and therefore this argument must fail under *United States v. Sullivan,* 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927).

* Hon. Edmund L. Palmieri, United States District Judge for the Southern District of New York, sitting by designation.

Appellants seek to avoid the requirement of raising the defense at the time of filing by arguing that the exceptions raised in *Grosso v. United States*, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968) and *Marchetti v. United States*, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968) apply in the present situation. These cases involved the special occupational taxes and detailed tax returns required of gamblers. The court allowed the taxpayers to raise the privilege *after* filing because Congress, in requiring such detailed returns from gamblers alone, placed the taxpayers within "an area permeated with criminal statutes." *Albertson v. SACB*, 382 U.S. 70, 79, 86 S.Ct. 194, 15 L.Ed.2d 165, as quoted in *Grosso v. United States, supra* at 64, 88 S.Ct. at 712.

Yet, unlike *Grosso* or *Marchetti*, the present case involves a federal income tax return, the same return involved in *Sullivan*. Appellants urge us to extend the gambling tax cases by arguing that because of their status as government employees, a claim of privilege upon filing a federal return would present a real and substantial hazard of incrimination. We decline their invitation.

*Marchetti* and *Grosso* spoke only to situations in the gambling tax sphere, where pervasive criminal statutes make submitting a claim of privilege, in lieu of returns, incriminating in and of itself. The Supreme Court has recently rejected a request to apply this rationale to cases involving federal income tax returns. In *Garner v. United States*, 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976) the court indicated that because federal income tax returns are not directed at those inherently suspect of criminal activities, the privilege must be raised at the time of filing when these returns are involved. *Id.* at 660, 96 S.Ct. 1178. Therefore, under our analysis of *Marchetti, Grosso*, and *Garner*, appellants' assertion of the privilege against self-incrimination must fail because it was not raised at the time of filing.

 In addition to the issue considered above, appellant Raborn raises several challenges to his bribery convictions. Because the sentences imposed on the bribery and tax counts are to run concurrently and because we have upheld the tax convictions, however, the concurrent sentence doctrine applies and we need not consider issues relating to the bribery convictions. *Barnes v. United States*, 412 U.S. 837, 841, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); *United States v. Monroe*, 552 F.2d 860, 865 (9th Cir.), *cert. denied*, 431 U.S. 972, 97 S.Ct. 2936, 53 L.Ed.2d 1069 (1977); *see Benton v. Maryland*, 395 U.S. 784, 787–791, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

AFFIRMED.

On Petition for Rehearing

In his petition for rehearing, appellant Raborn challenges our decision, based upon the concurrent sentence doctrine, not to consider his challenges to the convictions for bribery and submission of false claims. This discretionary doctrine is clearly applicable to this case, as we concluded in our first opinion. While appellant is incorrect in asserting that reversal of the bribery conviction would require reversal of the conviction for tax evasion, we conclude that, because of the close relationship among the counts, a discussion of the issues relating to the lesser included offense instructions and the sufficiency of the evidence is warranted. Appellant's challenges to the accomplice instructions and to a comment by the trial judge on the evidence, and his claim that 18 U.S.C. § 287 (filing false claims) is inapplicable to the postal service we find to be without substance and decline to discuss them.

 As he unsuccessfully did below, appellant challenges the sufficiency of the evidence to prove he acted corruptly in return for being influenced in the performance of an official act, a necessary element under § 201(c). The test for sufficiency is whether, at the time the motion is made, the evidence, considered most favorably to the government, was such that the jury reasonably could find the accused guilty beyond a reasonable doubt. *United States v. Nelson*, 419 F.2d 1237, 1242 (9th Cir.

1969); *United States v. Figueroa-Paz,* 468 F.2d 1055, 1058 (9th Cir. 1972). The government introduced substantial evidence from which the jury could find beyond a reasonable doubt the necessary corrupt intent. For example, Miles Sandstrom, one of the individuals involved in the gift giving, testified that he and Raborn agreed that Sandstrom's company would receive some contracts under a fictitious name after Raborn's superior noticed that many contracts were going to Sandstrom's company without competitive bidding. (R.T. pp. 241–243). This witness also testified that Raborn and Cole discussed in his presence several times their ability to keep a contractor from obtaining work if he did not "play along," that he never voluntarily gave Raborn anything, and that he gave Raborn gifts only because he wanted to continue to receive contracts from the postal service. (R.T. pp. 309, 312). Finally, Lowell Stacy, the other individual involved in the gift giving, testified that he gave electronic equipment to Raborn at Raborn's request because his company expected to obtain contracts from the postal service with Raborn's help. (R.T. pp. 570–571).

■ Raborn's second challenge to his bribery convictions is that the court erred in giving a lesser included offense instruction under 18 U.S.C. § 201(g), which makes it unlawful for a public official to accept a gratuity. While not denying that § 201(g) is a lesser included offense of the bribery charge under § 201(c), appellant argues that it was not proper for the court to grant the prosecution's request for such an instruction, that his defense might have been different had he known the § 201(g) instruction would be given, and that the court did not clearly define the differences among bribery, accepting a gratuity, and innocence. All three contentions, however, are without merit. Either the defense or the prosecution may request a lesser included offense instruction under § 201(g), *United States v. Brewster,* 165 U.S.App.D.C. 1, 13, 506 F.2d 62, 74, n.31 (1974) and when charged under § 201(c), a defendant is on notice that he must defend against the lesser included offense defined in § 201(g). *Id.* 165 U.S.App.D.C. at 13, 506 F.2d at 74; *cf. United States v. Stolarz,* 550 F.2d 488, 492 (9th Cir.), *cert. denied,* 434 U.S. 851, 98 S.Ct. 162, 54 L.Ed.2d 119 (1977). Finally, the trial court in instructing the jury clearly distinguished between bribery and the offense of accepting a gratuity saying that the latter offense encompasses all the elements of bribery except "corrupt intent." (R.T. pp. 837–839). It also sufficiently distinguished between those offenses and innocence by giving the general instruction that all the crimes charged require proof of a knowing intent to violate the law. (R.T. p. 850).

■ Appellant also claims that the misdemeanor offense defined under 18 U.S.C. § 209 is a lesser included offense of § 201(c) and that the court erred in refusing to give an instruction to this effect. A crime is a lesser included offense of another crime if the lesser offense is necessarily presented as part of the showing of the greater offense, and both crimes relate to the protection of the same interests. *United States v. Stolarz, supra,* 550 F.2d at 491. "Stated differently, the [lesser] offense must not require some additional element not needed to constitute the greater offense." *Olais-Castro v. United States,* 416 F.2d 1155, 1157 (9th Cir. 1969). Under Fed. R.Crim.P. 31(c), when some of the elements of the crime charged constitute a lesser crime, the defendant is entitled to an instruction on the lesser included offense if the evidence will support such a charge. *Sansone v. United States,* 380 U.S. 343, 349, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965); *Olais-Castro v. United States, supra.*

■ Comparing the essential elements of section 201(c) and section 209, we find that the latter is not a lesser included offense of the former. Section 209 prohibits (1) an officer or employee of the executive branch or an independent agency of the United States government from (2) receiving sala-

ry or any contribution to or supplementation of salary from (3) any source other than the United States (4) as compensation for services as an employee of the United States. 18 U.S.C. § 209. Section 201(c) requires proof that a (1) public official [1] (2) corruptly (3) asked, demanded, received, or agreed to receive an item of value (4) in return for being influenced in the performance of any official act or being influenced to commit or aid in committing a fraud on the United States, or being induced to act in violation of an official duty. 18 U.S.C. § 201(c). While both sections seek to prevent the divided loyalty of public employees, the section 201(c) offense could be committed without committing the section 209 offense. Both crimes require proof that a public employee received something of value from an outside source, but section 209 requires proof of an additional element that section 201(c) does not, namely that the public employee received salary or a supplement to salary "as compensation for services as an employee of the United States." Under section 201(c), the public official need not receive the item of value as compensation for services as a government employee, but only as a *quid pro quo* in return for influence or the commission of a wrongful act. We conclude that the court properly denied appellant's request for a lesser included offense instruction.

The petition for rehearing is denied.

---

1. Public official is defined in relevant part as "an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of Government thereof . . . in any official function, under or by authority of any such department, agency, or branch of Government . . .." 18 U.S.C. § 201(a).