**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Wayne MARTIN, Defendant-Appellant.**

**No. 84–1360.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 16, 1985.

Decided March 5, 1986.

Eugene R. Bracamonte, Virginia Mathis, Tucson, Ariz., for plaintiff-appellee.

Francisco Leon, Asst. Federal Public Defender, Tucson, Ariz., for defendant-appellant.

Before ANDERSON, and CANBY, Circuit Judges; IDEMAN,* District Judge.

IDEMAN, District Judge:

Wayne Martin, a juvenile, was charged by information with assault resulting in serious bodily injury, 18 U.S.C. § 113(f). Trial was by judge alone. At the close of the government's case in chief, appellant moved for judgment of acquittal. This was denied, and appellant rested without presenting any evidence. The trial judge requested briefs on the issue of whether, and which, lesser included offenses briefed by counsel might be considered. Among those lesser offenses briefed by counsel

and considered by the trial court was the offense of which appellant was ultimately convicted, assault with a deadly weapon with the intent to do bodily harm, 18 U.S.C. § 113(c).

The same issue that is presented in this appeal, that defendant lacked notice of additional elements in the lesser offense, was argued before the trial court. Appellant, however, did not request permission to reopen his case to present any evidence relative to these additional elements. Approximately three weeks later the trial court convicted appellant of the lesser offense. The court suspended imposition of sentence and ordered appellant placed on supervised probation. He appeals. We affirm.

## I.

## FACTS

On the evening of June 9, 1984, an altercation occurred at the home of Sam Serapo, which is located on the Papago Indian Reservation in southern Arizona. The record indicates that both appellant, a Papago Indian juvenile, and Serapo were drinking heavily. Appellant and Serapo began arguing when appellant threatened his own girlfriend with barbells.

According to witness testimony, appellant picked up an axe outside the house, saying "that he was going to kill Sam." Appellant then ran into the house and struck Serapo in the back with an axe. However, the doctor testified that in his opinion, the wound was not serious.

## II.

## ISSUES PRESENTED

The "lesser included offense" of assault with a deadly weapon with the intent to do bodily harm, 18 U.S.C. § 113(c), contains two elements not necessarily included in the charged offense of assault resulting in serious bodily harm, 18 U.S.C. § 113(f): (1) the specific intent to do bodily harm, and

---

* The Honorable James M. Ideman, United States District Judge, Central District of California, sitting by designation.

(2) the use of a deadly weapon. In this case, the weapon used was an axe. These additional elements were not charged in the information. Appellant claims that this constitutes a fatal lack of notice, requiring reversal or modification of the judgment by this court.

The issues are: (1) whether assault with a deadly weapon with intent to do bodily harm was a lesser included offense of the offense charged, and (2) whether defendant was given adequate notice that he might be convicted of that lesser offense. We conclude that the answer to both questions is affirmative.

## DISCUSSION

### A. "Inherent Relationship" Test:

■ In order to establish entitlement to an included offense instruction, a two-step process must be satisfied: (1) a lesser included offense must be identified, and (2) a rational trier of fact must be able to find the defendant guilty of the included offense but innocent of the greater offense. *United States v. Johnson*, 637 F.2d 1224, 1233–1234 (9th Cir.1980).

This circuit has made clear that an "inherent relationship" test is to be applied in order to determine whether certain offenses are lesser included within greater offenses. *United States v. Stolarz*, 550 F.2d 488, 491 (9th Cir.), *cert. denied*, 434 U.S. 851, 98 S.Ct. 162, 54 L.Ed.2d 119 (1977). The "inherent relationship" test is stated as follows:

> [T]he two offenses "must relate to protection of the same interests, and must be so related that in the general nature of these crimes, though not necessarily invariably, proof of the lesser offense is necessarily presented as part of the commission of the greater offense."

*Stolarz*, 550 F.2d at 491 (citation omitted).

In *Stolarz*, where the government requested the instructions, the court found that both § 113(a), assault with intent to commit murder, and § 113(c), assault with a dangerous weapon with intent to do bodily harm, relate to the protection of the same interest in preventing and punishing assaults within federal jurisdictions and that proof of the two crimes will generally but not invariably overlap. *Id.* at 491. Therefore, § 113(c) was found to be a lesser included offense of § 113(a). The court noted that:

> While all assaults with intent to commit murder do not involve the use of a dangerous weapon, it cannot be denied that such assaults are commonly perpetrated by the use of dangerous weapons. This is not to say that Section 113(c) is always a lesser included offense of Section 113(a).... It does mean that we reject appellant's contention that Section 113(c) can never be a lesser included offense when a defendant is charged with violating Section 113(a).

*Id.*, at 491.

The *Stolarz* decision was reaffirmed in the recent *Johnson* case. In *Johnson*, defendant requested instructions that § 113(c) be considered a lesser included offense of § 113(f). The trial judge refused to so instruct, reasoning that this crime was not a lesser included offense because it contained two elements not necessary to make out assault resulting in serious bodily injury under 18 U.S.C. § 113(f). We reversed, reasoning that § 113(c) was considered inherently related to assault resulting in serious bodily injury, § 113(f), and that the evidence adduced at trial could support conviction of the lesser included offense. *Johnson*, 637 F.2d at 1241.

■ A brief review of the evidence presented in the instant case indicates that an instruction on § 113(c) as a lesser included offense was appropriate here also. The same offenses which the *Johnson* court found to be "inherently related" are at issue. A similar factual situation existed, wherein a defendant used a weapon in the commission of the offense, but was not charged in the information with the use of the weapon. In the instant case, witness and medical testimony at trial confirmed that an axe was used during the assault. When he came out of the house, appellant told a witness that he had stabbed Serapo.

The government sought a conviction by attempting to prove that Serapo had suffered a wound about five inches long and one and one-half inches deep and approximately three-quarters of an inch from the spinal cord. The government never contended that anything other than an axe had been used in the assault. There is nothing to indicate that this court should not adopt the *Johnson* court's conclusion that § 113(c) may be a lesser included offense of § 113(f).

### B. Notice Requirement:

The issue of notice must be examined separately from the issue of whether an inherent relationship exists. *United States v. Whitaker*, 447 F.2d 314, 320 (D.C.Cir. 1971). Appellant contends that the district court improperly found him guilty of assault with a deadly weapon under § 113(c) because he was not given notice in the information that he would have to defend against that charge, and he had not waived his right to notice.

■ Notice is ordinarily given by the language of the accusatory pleading. A charging document serves two purposes: (1) it enables the defendant to adequately prepare his defense and (2) it enables him to plead double jeopardy against a second prosecution. *United States v. Buckley*, 689 F.2d 893, 896 n. 3 (9th Cir.1982), *cert. denied*, 460 U.S. 1086, 103 S.Ct. 1778, 76 L.Ed.2d 349 (1983). Charging documents are tested by whether they apprise the defendant of what evidence he must be prepared to meet. *United States v. Rojo*, 727 F.2d 1415, 1418 (9th Cir.1983). An indictment should be read in its entirety, construed according to common sense and interpreted to include facts which are necessarily implied. *United States v. Anderson*, 532 F.2d 1218, 1222 (9th Cir.), *cert. denied*, 429 U.S. 839, 97 S.Ct. 111, 50 L.Ed.2d 107 (1976).

According to Fed.R.Crim.P. 7, an indictment must be a "plain, concise and definitive written statement of the essential facts constituting the offense charged." *United States v. Christopher*, 700 F.2d 1253, 1257 (9th Cir.1982), *cert. denied*, 461 U.S. 960, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983). "The instrument must set forth the elements of the offense charged and contain a statement of the facts and circumstances that will inform the accused of the elements of the specific offense." *Id.* (citations omitted).

### C. Exceptions for Actual Notice:

■ It is true that an indictment may be insufficient if it fails to allege an essential element of the offense. *Id.* at 1257. However, if the defendant is sufficiently informed of the charge against him, specific information may not be necessary. *Id.* (Information did not specify the "normal working hours" of the federal property, yet information charging appellants with being present on federal property after normal working hours was held sufficient). *But see United States v. Rojo*, 727 F.2d 1415, 1418 (9th Cir.1983) (citation which did not contain even a cursory reference to any act allegedly committed or to any other facts, such as date, time or location, deemed insufficient).

Furthermore, convictions are no longer reversed because of minor and technical deficiencies which do not prejudice the accused. *Christopher*, 700 F.2d at 1257 (citing *Smith v. United States*, 360 U.S. 1, 9, 79 S.Ct. 991, 996, 3 L.Ed.2d 1041 (1959)). *But see United States v. Stewart Clinical Laboratory, Inc.*, 652 F.2d 804, 807 (9th Cir.1981) (Schroeder, J. dissenting) (correcting an obvious clerical mistake may be harmless error, but amending the indictment to charge a new crime constitutes *per se* reversible error).

In the instant case, the charge did not contain a minor or technical error. Rather, the lesser included offense of which appellant was finally convicted contained two additional elements. There is concern that when it is the prosecution requesting the lesser included offense instruction, additional considerations of the defendant's right to notice come into play. *Johnson*, 637 F.2d at 1239; *Stolarz*, 550 F.2d at 492 (more stringent standards pertaining to the

government's request for a lesser included instruction apply to the question of notice to the defendant). However, this court recognizes the appellate court's decision in *United States v. Brewster*, 506 F.2d 62, 74 (D.C.Cir.1974) in which it was found that trial counsel was undeniably on notice due to the similar language, textual proximity, and logical relationship of 18 U.S.C. § 201(c)(1), bribery of public officials and witnesses to 18 U.S.C. § 201(g), acceptance or solicitation of a gratuity. That court noted that although defendant claimed that he would have asserted different defenses, there was neither lack of notice nor any prejudice to the defendant. *Id.* at 75. *See, e.g., United States v. Raborn*, 575 F.2d 688, 691 (9th Cir.1978) (when charged under § 201(c), bribery, defendant is on notice that he must defend against the lesser included offense defined in § 201(g), accepting a gratuity, despite defendant's contention that his defenses might have been different had he known the § 201(g) instruction would be given).

We conclude, therefore, that the defendant has adequate notice when the offense of which he is convicted is a lesser included offense of the offense charged *and* the defendant had timely actual notice of the facts constituting the lesser charge of which he is convicted.

The main point on this appeal is whether proper notice was given regarding the specific intent aspect of the crime of which appellant was convicted. We are concerned because the trial court convicted for a lesser offense that requires a specific intent (the intent to do bodily harm), whereas the charged offense requires only a general intent. *See U.S. v. Bohonus*, 628 F.2d 1167 (9th Cir.) (a specific intent requirement eliminates the objection that the statute punishes the accused for an offense of which he was unaware), *cert. denied*, 447 U.S. 928, 100 S.Ct. 3026, 65 L.Ed.2d 1122 (1980). Since drinking was involved, it is possible that appellant might have had a defense to the specific intent element of the offense. However, appellant was put on notice by the trial court *weeks* prior to conviction that the court was considering convicting him of precisely that offense. In fact, the issue was briefed for the trial judge, and the same contention of lack of notice was raised there. Yet there was no request by the defense to reopen its case to present evidence of any lack of specific intent. Indeed, appellant's counsel, who was the attorney representing him at the trial, conceded in oral argument before this court that if the information had been formally amended to charge the missing elements, "I wouldn't be here." Counsel's concession and his failure to request the trial court to reopen the defense case lead us to conclude that there was in fact no defense to the specific intent element. We find no merit whatsoever to the claim that appellant had no notice that he was charged with using an axe. In the *Stolarz* case the court found ample notice was given for the following reasons:

> Any defense attorney is on notice that a lesser included offense instruction may be given pursuant to Rule 31(c). The defense here was also on notice of the similar language of the two offenses in the text of the statute, and the logical relationship of the two offenses. (citation omitted). The language of the indictment itself charged the use of a knife in the assault, and the government's case never contended that the assault was perpetrated by any other means, so appellant was even given specific notice of the particular dangerous weapon alleged to be involved. (footnote omitted).

*Stolarz*, 550 F.2d at 492. Appellant seeks to distinguish *Stolarz* on two grounds. First, in *Stolarz*, the indictment specified that a knife was used in the assault, and second, that the same defense was used regardless of the instruction given. However, in *Stolarz*, the language of the indictment was only one factor to be considered. The court went on to state that in addition to the language of the indictment, the government never contended that the assault was perpetrated by any other means. In the instant case, the government never contended that the assault was perpetrated

by any means other than the use of the axe. Medical and witness testimony verified the use of the axe in the assault. Furthermore, FBI reports made available to defense counsel well in advance of trial indicated that the assault was perpetrated by an axe, therefore defense counsel should have been aware that § 113(c) was a possibility. Therefore, the reasons for affirmance are even stronger here than in *Stolarz.*

### III.

### CONCLUSION

It would be better practice to ensure that essential elements of offenses likely to be found by the trier of fact be included in the indictment or information. However, we are convinced that the appellant here was provided by the trial judge with actual notice of his possible conviction of the lesser charge and of the facts alleged to support that charge. Appellant, represented by competent counsel, had three weeks to decide whether he had a defense to the lesser offense, and if so, whether to request to reopen his case. He failed to do so. Appellant's counsel has practically conceded that there was no defense to the charge.

Under the facts of this case it would serve no useful purpose to exalt form over substance by reversing or modifying the judgment. Appellant in fact had adequate notice of the lesser offense and was fairly tried and convicted.

Appellant's conviction is accordingly affirmed.

AFFIRMED.