942 F.2d 794
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Davey L. HILLING, Defendant-Appellant.
 No. 90-30239.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 30, 1991.*
Aug. 29, 1991.
Mandate Recalled, Memorandum Amended
Oct. 17, 1991.
 
 Before WRIGHT, BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Davey L. Hilling appeals his conviction for (1) wire fraud (18 U.S.C. § 1343); (2) making a false report with intent to defraud a federally insured savings and loan association (18 U.S.C. § 1006); and (3) receiving payoffs from a loan (18 U.S.C. § 1006). We have jurisdiction of this appeal pursuant to 28 U.S.C. § 1291, and affirm. Additionally, Hilling petitions to this court for credit for time served. The petition is denied without prejudice.
 
 DISCUSSION
 A.
 
 3
 Hilling's first claim is that his conviction violated the double jeopardy clause. Hilling bases his claim on Grady v. Corbin, 110 S.Ct. 2084 (1990), a recent Supreme Court decision in which the Court held:
 
 
 4
 [T]he Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted.
 
 
 5
 Id. at 2087.
 
 
 6
 Hilling first contends that because evidence of the crimes for which he was convicted was introduced at a previous trial, double jeopardy principles bar the government from prosecuting him for those crimes. Hilling's contention fails. Evidence of the fraudulent loan transactions for which Hilling was convicted was introduced at a previous trial, pursuant to Fed.R.Evid. 404(b), as overt acts establishing a scheme to defraud, not as proof of the substantive charges. Rule 404(b) allows the use of evidence of other crimes for limited purposes, including proof of "motive, opportunity, intent, preparation, plan, [and] knowledge...." Fed.R.Evid. 404(b). A person is not prosecuted for crimes when certain acts are introduced at trial pursuant to Rule 404(b). There was never a possibility that Hilling would be convicted for these crimes at his first trial, and, therefore, he was not placed in double jeopardy by the government's prosecution in the instant case.
 
 
 7
 Second, Hilling contends that because he was previously prosecuted for defrauding Irving Savings Association of Irving, Texas ("Irving Savings"), he cannot be prosecuted again for fraud on the same institution. Hilling characterizes his general overall scheme and intent to defraud Irving Savings as conduct, and argues that the government was prohibited from proving such conduct at his second trial under Grady because he had previously been prosecuted for fraud on Irving Savings. To support this argument Hilling cites examples of the same evidence being used at both trials. Hilling's contention is meritless. The two prosecutions of Hilling related to completely different loans, both of which individually defrauded Irving Savings. The Grady rule does not apply.
 
 B.
 
 8
 Hilling next contends that the wire fraud count of the indictment was defective. The sufficiency of an indictment is reviewed de novo. United States v. Tuohey, 867 F.2d 534, 536 (9th Cir.1989). 18 U.S.C. § 1343, at the time of Hilling's indictment read:
 
 
 9
 Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined not more than $1,000 or imprisoned not more than five years, or both.
 
 
 10
 18 U.S.C. § 1343. We find no defect with Hilling's indictment.
 
 
 11
 Hilling first argues that the wire fraud count lacked an essential element because it did not allege that the acts were done "in furtherance" of a scheme. See California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1469 (9th Cir.1987) cert. denied, 484 U.S. 1006 (1988) (wire fraud includes "in furtherance" element). An indictment is read in its entirety and construed according to common sense to include those facts which are necessarily implied. United States v. Martin, 783 F.2d 1449, 1452 (9th Cir.1986). Ultimately, an indictment is tested by whether it "apprise[s] the defendant of [the] evidence he must be prepared to meet." Id. Count twenty-five of Hilling's indictment charged:
 
 
 12
 That on or about October 13, 1983, Virgil Eric Jahnke, Davey L. Hilling, and David P. Neubauer, having devised a scheme to obtain money from Irving Savings by means of false or fraudulent pretenses, representations, or promises, did transmit or cause to be transmitted by means of wire money in the amount of $2,744,000.00 from Irving Savings to Security Title Company, Bozeman, Montana, in violation of 18 U.S.C. §§ 2 and 1343.
 
 
 13
 A fair construction of this language indicates that Hilling was accused of using a wire in furtherance of a scheme to defraud. The count cited, with specificity, the exact transaction for which Hilling was being charged with wire fraud. Further, it specifically referenced a "scheme". It is clear that the indictment advised Hilling of the evidence against which he had to defend, and it was therefore sufficient.
 
 
 14
 Hilling also contends that the wire fraud count was defective because it alleged that "money", and not "writings, signals, pictures or sounds," was transmitted. Money, he argues, is a "tangible, physical thing," incapable of being transmitted by wire. This argument is meritless. Reading the count in its entirety, it is clear that Hilling was being charged with transmitting "signals" which allowed money to be transferred from one financial institution to another in furtherance of a scheme to defraud. We note that § 1343 makes it a crime for "writings" and "pictures" to be transmitted by wire in furtherance of a scheme to defraud though, in a technical sense, they too, are "physical things" incapable of being transmitted by wire.
 
 C.
 
 15
 Hilling also petitions for an order directing credit for time served contending that, under 18 U.S.C. § 3585(b)(2), he deserves credit for time served for a previous conviction which was later overturned. Because the offense for which he was convicted took place prior to November 1, 1987, however, 18 U.S.C. § 3568 is the applicable statute governing credit for time served. See United States v. Chalker, 915 F.2d 1254, 1256 (9th Cir.1990). Under § 3568, a defendant must have exhausted administrative remedies before seeking credit in federal court. Id. at 1257. In the instant case, it is unclear whether Hilling exhausted his remedies. Further, it is uncertain whether he properly moved in district court for credit. However, in the interest of economy, we decide the merits of Hilling's petition here.
 
 
 16
 Section 3568 states in relevant part that "[t]he Attorney General shall give any ... person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which the sentence was imposed." 18 U.S.C. § 3568 (repealed 1987). Although both of Hilling's sentences were connected to a scheme to defraud Irving Savings, the acts which were the subject of the first sentence were separate and distinct from those acts comprising the second and were not connected in the sense contemplated by § 3568. We therefore deny Hilling's petition. Our denial is without prejudice, however, and Hilling may raise this issue by petition for habeas corpus if prison regulations allow for such credit.
 
 CONCLUSION
 
 17
 With regards to Hilling's conviction, we affirm the judgment of the district court. Hilling's petition for credit for time served is denied without prejudice.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3