972 F.2d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas R. CLARK, Petitioner-Appellant,
v.
Dave PASKETT, Warden, Respondent-Appellee.
 No. 90-35566.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Aug. 28, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas R. Clark, an Idaho state prisoner, appeals pro se the denial of his habeas corpus petition challenging his state conviction for aggravated battery. We review de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 
 3
 Clark contends that the information charging him with aggravated battery was defective because it did not specify the nature of the injuries that constituted great bodily harm or indicate the use of a weapon in inflicting the injuries. Consequently, he asserts that he could not prepare an adequate defense. Clark's contention lacks merit.
 
 
 4
 The information is sufficient if it states the elements of the offense charged with sufficient clarity to apprise the defendant of the charge against him in sufficient detail to enable him to prepare his defense and to plead double jeopardy in a later prosecution. See United States v. Johnson, 804 F.2d 1078, 254-55 (9th Cir.1987); Kreck v. Spalding, 721 F.2d 1229, 1332 (9th Cir.1983). According to Fed.R.Crim.P. 7, an information or indictment must be a "plain, concise statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c).
 
 
 5
 Section 18-907 of the Idaho Code provides in pertinent part: "A person commits aggravated battery who, in committing battery causes great bodily harm." Idaho Code § 18-907(a).
 
 
 6
 The information charged that on June 9, 1986, the petitioner "did actually, intentionally and unlawfully strike the person of [the victim] against her will causing great bodily harm by hitting her about the head and face and by choking her around the neck ..." thereby committing an aggravated battery, a felony under Idaho Code § 18-907(a).
 
 
 7
 Here, the information tracks the words of the statute charging the offense, specifies the date and the victim of the offense, and specifically charges that the battery inflicted upon the victim resulted in great bodily harm. Thus, the information is sufficient. See United States v. Martin, 783 F.2d 1449, 1452 (9th Cir.1986) (an indictment which tracks the words of the statute charging the offense is sufficient so long as the words unambiguously set forth all elements necessary to constitute the offense." The fact that the government did not specify evidence about the use of a weapon is irrelevant because it is not a necessary element of the specific offense charged. See Idaho Code § 18-907(a). Accordingly, the district court did not err in denying Clark's habeas petition on the issue of the sufficiency of the information.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3