UNITED STATES of America,
Plaintiff–Appellee,

v.

Russell Tyrone FITZGERALD,
Defendant–Appellant.

No. 88–1102.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 1989.

Decided Aug. 11, 1989.

Marcia J. Allmand, Asst. U.S. Atty., San Jose, Cal., for plaintiff-appellee.

Daniel F. Cook, Topel & Goodman, San Francisco, Cal., for defendant-appellant.

Before CHAMBERS, ALARCON and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

Russell Tyrone Fitzgerald (Fitzgerald) appeals his conviction of assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(f). He contends that the district court erred in denying his motion to dismiss two counts of the indictment against him because: (1) 18 U.S.C. § 113(f) is void for vagueness in that the term "serious bodily injury" leaves the application and interpretation of the term open to the discretion of prosecutors, judges, and juries; and (2) the indictment was defective in that it failed to allege all essential facts and elements constituting an offense under

18 U.S.C. § 113(f). We disagree and affirm.

## FACTS

On June 9, 1987, Fitzgerald was charged by indictment with one count of assault with a dangerous weapon with intent to do bodily harm, without just cause or excuse, and with two counts of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(c) and 113(f).[1] The indictment arose out of a shooting incident which took place on May 19, 1987 at Fort Ord in the county of Monterey, which is an area within the special maritime and territorial jurisdiction of the United States for purposes of 18 U.S.C. § 113(f). Fitzgerald shot and wounded two women.

Fitzgerald timely moved to dismiss counts two and three of the indictment charging violations of 18 U.S.C. § 113(f) on vagueness and insufficiency grounds. The district court denied this motion in full. *United States v. Fitzgerald*, 676 F.Supp. 949 (N.D.Cal.1987).

Fitzgerald then entered a plea of guilty to count three of the indictment pursuant to a written plea agreement executed by all parties and filed with the court. This agreement specifically preserved his right to appeal the denial of the motion to dismiss pursuant to Fed.R.Crim.P. 11(a)(2). Fitzgerald was committed to the custody of the Attorney General for a period of ten years on condition that he serve six months in a jail-type institution, followed by five years probation. The remaining two counts of the indictment were dismissed pursuant to the plea agreement.

## I. Void for Vagueness

■ Fitzgerald argues on appeal that the district court erred in denying his motion to dismiss the indictment against him because 18 U.S.C. § 113(f) is unconstitutionally vague in that it fails to define "serious bodily injury" and thus leaves its application and interpretation open to the discretion of prosecutors, juries, and judges. We review a district court's ruling based on the construction of a statute de novo, *see United States v. Hurt*, 795 F.2d 765, 769 (9th Cir.1986), *as amended on other grounds*, 808 F.2d 707 (9th Cir.1987), *cert. denied*, 484 U.S. 816, 108 S.Ct. 69, 98 L.Ed.2d 33 (1987), and affirm.

■ In evaluating a question of vagueness, the court must look to the common understanding of the terms of a statute. *Broadrick v. Oklahoma*, 413 U.S. 601, 608, 93 S.Ct. 2908, 2913, 37 L.Ed.2d 830 (1973). A defendant is deemed to have fair notice of an offense if a reasonable person of ordinary intelligence would understand that his or her conduct is prohibited by the law in question. *United States v. Hogue*, 752 F.2d 1503, 1504 (9th Cir. 1985).

■ Further, because this action does not involve first amendment rights, this court need only examine the vagueness challenge under the facts of the particular case and decide whether, under a reasonable construction of the statute, the conduct in question is prohibited. *See id.*

■ Here, the phrase "serious bodily injury" clearly encompasses the gunshot wound to the neck of Patricia Scott which partially severed her jugular vein, as well as the gunshot wounds suffered by Pamela Maxwell to her chin and forearm, all of which were inflicted by Fitzgerald. These injuries were of a severity sufficient to notify Fitzgerald that his conduct was prohibited. *Id.* Accordingly, the district court did not err in denying Fitzgerald's motion to dismiss on vagueness grounds.

---

1. 18 U.S.C. § 113 provides in pertinent part: Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:

 . . . .

 (c) Assault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse, by fine of not more than $1,000 or imprisonment for more than five years, or both.

 . . . .

 (f) Assault resulting in serious bodily injury, by fine of not more than $10,000 or imprisonment for not more than ten years, or both.

## II. Sufficiency of Indictment

 Fitzgerald also contends that count three of the indictment was defective in that it fails to allege all essential facts and elements constituting an offense under 18 U.S.C. § 113(f). Specifically, Fitzgerald appears to argue that (1) the lack of factual allegations as to the element and existence of serious bodily injury is a fatal defect in the indictment, and (2) 18 U.S.C. § 113(f) requires a showing of specific rather than general intent. We review the sufficiency of the indictment de novo, *United States v. Givens*, 767 F.2d 574, 584 (9th Cir.), *cert. denied*, 474 U.S. 953, 106 S.Ct. 321, 88 L.Ed.2d 304 (1985), and affirm.

First, according to Fed.R.Crim.P. 7, an indictment must be a "plain, concise and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). " 'The instrument must set forth the elements of the offense charged and contain a statement of the facts and circumstances that will inform the accused of the elements of the specific offense.' " *United States v. Martin*, 783 F.2d 1449, 1452 (9th Cir.1986) (quoting *United States v. Christopher*, 700 F.2d 1253, 1257 (9th Cir.), *cert. denied*, 461 U.S. 960, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983)). "An indictment which tracks the words of the statute charging the offense is sufficient so long as the words unambiguously set forth all elements necessary to constitute the offense." *Givens*, 767 F.2d at 584.

 Here, the indictment tracks the words of the statute, specifies the date, location and victim of the offense, and it specifically charges that the assault perpetrated by Fitzgerald directly resulted in the serious bodily injury of the named victim.[2] Thus, the indictment is sufficient. *See Givens*, 767 F.2d at 584.

---

2. Whether there were serious bodily injuries is a question left for the jury. *United States v. Johnson*, 637 F.2d 1224, 1246 (9th Cir.1980) (a jury should be instructed to use its common sense in deciding whether the injuries constitute serious bodily injury). Accordingly, Fitzgerald's contention that insufficient facts are pled in the indictment to *define* serious bodily injury is without merit.

 Second, specific intent is not an element of 18 U.S.C. § 113(f). *See Martin*, 783 F.2d at 1450 (noting conviction under lesser offense of § 113(c) requires specific intent but that only general intent was required under § 113(f)).[3] Accordingly, the district court did not err in refusing to dismiss the indictment against Fitzgerald for insufficiency.

The judgment of the district court is AFFIRMED.

---

3. Although Fitzgerald concedes that numerous cases have required only general intent for violations of 18 U.S.C. § 113(f), he nonetheless urges this court to reconsider these previous holdings and, as a result, find that an element was missing from this indictment. We decline.