37 F.3d 1506
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alfred C. AVERY, Defendant-Appellant.
 No. 93-30377.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1994.
Decided Sept. 21, 1994.
 
 1
 Before: THOMPSON and TROTT, Circuit Judges, and TASHIMA, District Judge.*
 
 
 2
 MEMORANDUM**
 
 OVERVIEW
 
 3
 Alfred C. Avery appeals his conviction following a guilty plea to Medicaid fraud in violation of 42 U.S.C. Sec. 1320a-7(b)(a)(1). Avery contends the district court erred in failing to dismiss the Superseding Information because the Oregon Medicaid regulation and the Washington Medicaid statute defining a "related organization" are unconstitutionally vague as applied to him. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 STANDARD OF REVIEW
 
 4
 We review de novo a void for vagueness challenge to a statute or regulation. United States v. Woodley, 9 F.3d 774, 778 (9th Cir.1993) (quoting United States v. Helmy, 951 F.2d 988, 993 (9th Cir.1991), cert. denied, 112 S.Ct. 2287 (1992)).
 
 DISCUSSION
 
 5
 Nursing homes are reimbursed for the cost of goods and services required for the care of Medicaid patients. To obtain reimbursement, a nursing home must submit a cost report or financial statement detailing its allowable costs. Oregon and Washington require a nursing home to disclose any "related organization" from which the nursing home obtains services, facilities or supplies.
 
 
 6
 The Oregon regulation defines "related organization" as:
 
 
 7
 An entity which, to a significant extent, is under common ownership and/or control with, or has control of, or is controlled by the contractor. An entity is deemed to "control" another entity if it has a significant ownership interest in the other or if it has a capacity derived from any financial or other relationship and whether or not exercised to influence directly or indirectly the activities of the other.
 
 
 8
 Or.Admin.R. 411-70-005(32).
 
 The Washington statute provides:
 
 9
 "Related organization" means an entity which is under common ownership and/or control with, or has control of, or is controlled by, the contractor.
 
 
 10
 ....
 
 
 11
 (b) "Control" exists where an entity has the power, directly or indirectly, significantly to influence or direct the actions or policies of an organization or institution, whether or not it is legally enforceable and however it is exercisable or exercised.
 
 
 12
 Wash.Rev.Code. Sec. 74.46.020(38).
 
 
 13
 A penal statute is void for vagueness "if it fails to give adequate notice to people of ordinary intelligence concerning the conduct it proscribes, or if it invites arbitrary and discriminatory enforcement." Schwartzmiller v. Gardner, 752 F.2d 1341 (9th Cir.1984) (citations omitted). In addressing an as-applied challenge, we " 'need only examine the vagueness challenge under the facts of the particular case and decide whether, under a reasonable construction of the statute, the conduct in question is prohibited.' " United States v. Dischner, 974 F.2d 1502, 1510 (9th Cir.1992), cert. denied, 1135 S.Ct. 1290 (1993) (quoting United States v. Fitzgerald, 882 F.2d 397, 398 (9th Cir.1989)).
 
 
 14
 Avery contends the use of the phrase "indirect influence" to define "control" is overbroad as applied to him, because "there is no business relationship that this provision will not reach." Avery gives the example of a business altering its services to meet the needs of a customer, and points out that the regulation does not indicate what level of influence would suffice. When addressing an as-applied challenge, however, we do not analyze hypothetical applications of the law. Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495 (1982). Avery's example is not relevant.
 
 
 15
 The district court correctly noted other cases in which courts had no apparent difficulty applying a similar definition of "control." The court cited Marina Mercy Hosp. v. Harris, 633 F.2d 1301, 1303-04 (9th Cir.1980); Villa View Community Hosp., Inc. v. Heckler, 720 F.2d 1086, 1094-95 (9th Cir.1983); Goleta Valley Community Hosp. v. Schweiker, 647 F.2d 894, 897 (9th Cir.1981); Monsour Medical Center v. Heckler, 806 F.2d 1185, 1194 (3d Cir.1986), cert. denied, 482 U.S. 905 (1987). Avery argues these cases are civil cases and the Supreme Court applies a stricter vagueness test to criminal statutes. See Hoffman Estates, 455 U.S. at 498-99 (1982). However, because this case involves economic regulation with a scienter requirement, the vagueness test is more lenient. See id. at 498 ("[E]conomic regulation is subject to a less strict vagueness test because businesses, which face economic demands to plan behavior carefully, can be expected to consult relevant legislation in advance of action."); United States v. Woodley, 9 F.3d 774, 779 (9th Cir.1993).
 
 
 16
 The Oregon regulation and the Washington statute gave Avery adequate notice of the conduct they proscribed. Under a reasonable construction of the regulation and statute, Avery's conduct was prohibited. See Dischner, 974 F.2d at 1510. Avery's constitutional challenge fails.
 
 
 17
 Here, it is clear Avery intended to evade the Medicaid reporting requirements. In his Statement of the Offense, ER 66-70, he stated: "I was aware that I could not own or control QSS and that if I did, it would mean that the nursing homes and QSS would be related." Id. at 68 p 6. He further admitted that "by the time I signed the Oak Glen and Liberty cost reports ... I knew that I had the capacity to indirectly influence QSS." Id. p 9. He also admitted he set the policy for the markup of goods and services QSS supplied the nursing homes. Id. at 69. He prevailed on the president of QSS to pay his moorage and mortgage fees for his boat. He had the power to influence QSS and he did.
 
 
 18
 AFFIRMED.
 
 
 
 *
 Hon. A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3