145 F.3d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Kevin MITNICK, Defendant-Appellant.
 No. 97-50365.
D.C. No. CR-95-00603-MRP-1.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998**.
Decided May 20, 1998.
 
 Appeal from the United States District Court for the Central District of California Mariana R. Pfaelzer, District Judge, Presiding.
 Before SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kevin Mitnick appeals his sentence following his guilty plea to possession of unauthorized access devices with the intent to defraud in violation of 18 U.S.C. § 1029(a)(3). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Mitnick contends that the district court erred by imposing conditions of supervised release which restricted Mitnick's access to computers, computer-related equipment, and certain telecommunications devices, including cellular telephones, without the prior approval of Mitnick's probation officer. We review for abuse of discretion. See United States v. Chinske, 978 F.2d 557, 559-60 (9th Cir.1992). We conclude that the district court did not abuse its discretion because the conditions imposed are reasonably related to legitimate sentencing goals and are no more restrictive than necessary.[1] See id. (district court has broad discretion in setting conditions of supervised release); U.S.S.G. § 5D1.3(b) (1995). We also reject Mitnick's specific contention that the supervised release conditions impermissibly restrict the exercise of his First Amendment rights. See United States v. Bolinger, 940 F.2d 478, 480-81 (9th Cir.1991) (upholding probation condition which restricted defendant's freedom of association). Mitnick's challenge to the supervised release conditions on vagueness grounds because "computer" and other terms are not defined also fails because the conditions give Mitnick fair notice of what is prohibited. Cf. United States v. Fitzgerald, 882 F.2d 397, 398 (9th Cir.1989) (stating that courts look to common understanding of terms when analyzing a statute for vagueness).
 
 
 4
 Mitnick also contends that the district court erred by imposing supervised release conditions which restrict his employment in the computer and telecommunications industries and employment in which Mitnick would have access to computers and computer-related equipment, without prior approval of the probation officer. The district court did not abuse its discretion because a reasonably direct relationship existed between Mitnick's occupation and the offense of conviction and because such a restriction is reasonably necessary to protect the public. See U.S.S.G. § 5F1.5 (1995); United States v. Terrigno, 838 F.2d 371, 374 (9th Cir.1987).
 
 
 5
 Finally, we reject Mitnick's contention that remand is appropriate because he believes that the district court did not understand that the standard supervised release condition that a defendant refrain from unlawful use of a controlled substance and submit to drug testing could be ameliorated or suspended. See 18 U.S.C. § 3583(d) (stating that the court shall order drug testing as an explicit condition of supervised release but that the court may ameliorate or suspend such a condition).
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Mitnick's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We reject Mitnick's claim that requiring the probation officer's approval is an impermissible delegation of the district court's authority. The fact that Mitnick may engage in otherwise prohibited conduct with the probation officer's approval makes the conditions imposed less restrictive that an outright ban on such conduct