UNITED STATES of America, Plaintiff–Appellee,

v.

Hans Carl SHERRER, aka Tom Cutter, Defendant–Appellant.

No. 00–30362.

D.C. No. CR–98–370–RE.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 9, 2001.

Decided Sept. 13, 2001.

---

Before BOOCHEVER, TASHIMA, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Hans Carl Sherrer ("Sherrer") appeals his conviction and sentence on two counts of failing to report the transportation of monetary instruments of more than $10,000, in violation of 31 U.S.C. §§ 5316 and 5322. Sherrer was sentenced to 24 months' imprisonment and three years of supervised release. Because the parties are familiar with the facts and prior proceedings of this case, we shall not recite them here. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

### 1. Indictment

Appellant contends that the indictment was insufficient because it failed to specify the necessary criminal intent for the reporting offense. Because he did not timely object to the sufficiency of his indictment, we review for plain error. *United States v. Ross*, 206 F.3d 896, 899 (9th Cir.2000). The indictment is sufficient if it "contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend" and it "enables him to plead an acquittal or conviction in bar of future prosecutions." *Id.* (citation omitted). Such was true here. The indictment tracked the relevant statutory language in both counts, alleging that Sherrer "know-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

ingly" transported monetary instruments and "willfully" failed to file a report, in violation of 31 U.S.C. §§ 5316 and 5322. No essential element of the offense, express or implied, was omitted in either count. Thus, the indictment was clearly sufficient. *See United States v. Fitzgerald,* 882 F.2d 397, 399 (9th Cir.1989) ("An indictment which tracks the words of the statute charging the offense is sufficient so long as the words unambiguously set forth all elements necessary to constitute the offense." (citation omitted)).

### 2. Jury Instructions

■ Appellant contends that the jury instructions did not require the government to prove specific intent because the definition of "knowingly" stated in part that it is not necessary to prove the defendant knew that his acts were unlawful. Because no objection was made at trial, we review for plain error. *Jones v. United States,* 527 U.S. 373, 388, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999).

■ Even assuming it was error to provide the general "knowingly" instruction, the error did not affect the defendant's substantial rights or the fairness or integrity of the proceedings. *See United States v. Garcia–Guizar,* 160 F.3d 511, 516 (9th Cir.1998) (outlining four factors for plain error analysis). A single instruction may not be judged in artificial isolation, but must be viewed in the context of the overall charge. *See United States v. Dixon,* 201 F.3d 1223, 1230 (9th Cir.2000). Thus, the relevant inquiry is whether the instructions provided to the jury as a whole are misleading or inadequate to guide its deliberations. *See id.* Unlike *Ratzlaf v. United States,* 510 U.S. 135, 137–38, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994), the term "wilfully" was properly defined to require knowledge that the defendant's actions were unlawful. Any am-

biguity created by a general definition of "knowingly" was less likely to mislead the jury because the earlier instructions required the defendant to have "willfully" failed to file a report; "knowingly" was only used to describe the required intent for transportation of a monetary instrument. Moreover, during closing argument, the prosecution devoted a substantial amount of time arguing to the jury that Sherrer knew he was violating the reporting requirements when he sent the checks. The defense also focused heavily on the same issue, arguing to the jury that Sherrer did not and could not have known that his conduct would violate the reporting requirements. Under these circumstances, there is "no reasonable likelihood that the jury applied the instructions incorrectly." *Jones,* 527 U.S. at 390. Furthermore, any error here was not unduly prejudicial in light of the strength of the evidence of specific intent. We therefore find no basis for reversal.

### 3. Fourth Amendment

■ Appellant contends that the search and seizure of his packages by Customs officials at the Federal Express hub at the Memphis International Airport violated the Fourth Amendment. We review whether the government has conducted a legal border search de novo. *United States v. Ani,* 138 F.3d 390, 391 (9th Cir. 1998).

■ Under the border search exception to the Fourth Amendment, such a search does not require any warrant, probable cause, or articulable suspicion. *United States v. Cardona,* 769 F.2d 625, 628 (9th Cir.1985). The Customs agents were authorized to conduct such a warrantless border search of the packages pursuant to 31 U.S.C. § 5317(b). Although conducted with the assistance of Federal Express employees, the search undoubtably "was

part of a collaborative effort under the aegis of and in cooperation with Customs agents." *United States v. Gomez–Osorio,* 957 F.2d 636, 643 (9th Cir.1992) (quoting *United States v. Alfonso,* 759 F.2d 728, 735 (9th Cir.1985)). The officials only searched packages addressed to foreign destinations at a major Federal Express hub in an international airport three to four hours prior to shipment out of the country. Unlike those cases that apply the "extended border" doctrine and require reasonable suspicion, these searches were conducted in closer spatial and temporal proximity to the actual border. *See Cardona,* 769 F.2d at 628 (applying extended border doctrine where the search of Federal Express package was done "3000 miles from the border and twenty-four hours before the scheduled border crossing"); *United States v. Whiting,* 781 F.2d 692, 695–96 (9th Cir.1986) (applying doctrine where search of packages took place "far from an international border" and they "would go through two domestic post offices before leaving the country"). The searches here took place at the "functional equivalent" of a border. *See, e.g., United States v. Duncan,* 693 F.2d 971, 977 (9th Cir.1982) (holding the warrantless search of passenger boarding an international flight valid under border search principles because conducted at the "functional equivalent" of a border).

Thus, no justification was required to search the packages. Moreover, it was reasonable for officials to examine the contents to determine if they were seizable. *See Cardona,* 769 F.2d at 629–30. There was no Fourth Amendment violation.

*4. Evidentiary Rulings*

■■■■ Appellant contends that the district court erred by admitting character and prior bad acts evidence. We review a district court's decision to admit or exclude evidence for an abuse of discretion. *United States v. Leon–Reyes,* 177 F.3d 816, 819 (9th Cir.1999). Rulings under Federal Rules of Evidence 403 and 404(b) are reviewed for abuse of discretion. *United States v. Conners,* 825 F.2d 1384, 1390 (9th Cir.1987). When no objection is made, we review for plain error and reverse only when an error "affected the outcome of the district court proceeding." *United States v. Hankey,* 203 F.3d 1160, 1167 (9th Cir. 2000) (citation omitted).

■■■■ Evidence of prior bad acts is admissible for a purpose other than to show the defendant acted in conformity therewith, but "the government must establish that (1) the prior act tends to prove a material issue in the action, (2) the prior act is not 'too remote' from the charged offense, (3) the prior act is similar to the charged offense, and (4) the defendant committed the prior act." *United States v. Iverson,* 162 F.3d 1015, 1026 (9th Cir. 1998). Such evidence must satisfy Rule 403 balancing as well. *United States v. Montgomery,* 150 F.3d 983, 1000–01 (9th Cir.1998).

■■■■ Evidence that Sherrer had not filed income tax returns for 20 years, despite earning substantial income, engaged in suspicious cash transactions, and used false social security numbers on his financial documents "was relevant to show his motive for concealing the money and his failure to file a report." *Conners,* 825 F.2d at 1390 (finding evidence of cocaine activities admissible to show motive and thus intent to violate § 5316); *see also Gomez–Osorio,* 957 F.2d at 641 (finding evidence of money laundering admissible to show motive and thus intent to violate § 5316). Although some evidence here was remote in time, "[w]hether an prior act is too remote depends on the theory that makes it admissible and the similarity of the act to the current charge." *Iverson,* 162 F.3d

at 1027. The theory here is that the offense is part of Sherrer's long-term scheme to avoid government scrutiny of his financial affairs and thus to evade tax liability. The other acts are all similar with respect to that motive and tend to show specific intent. It was not an abuse of discretion to admit such evidence under Rule 404(b). Nor was it an abuse of discretion under Rule 403 balancing. The district court conducted an extensive examination of the relevance and probative value of the evidence outside the presence of the jury, excluded some of it, and provided limiting instructions. *See Conners,* 825 F.2d at 1390.

Evidence of a newsletter received by Sherrer discussing the use of off-shore bank accounts and other means to protect financial privacy and avoid tax liability was also admissible to show motive and thus specific intent. Unlike *United States v. Ellis,* 147 F.3d 1131, 1135–36 (9th Cir. 1998), specific intent is a material issue here and the publication was not overtly inflammatory. Moreover, the publication was addressed to the same alias Sherrer had used on the Federal Express packages. The district court carefully weighed arguments as to its admissibility and excluded another newsletter that did not have as much probative value. There was no abuse of discretion in admitting the newsletter.

Finally, the defense did not object to questioning of a prosecution witness as to whether he had ever said that Sherrer has "funny ideas about the government." Even assuming it was error to have allowed such questioning, the testimony does not create reversible error because it did not prejudice the defendant. The witness essentially recanted any comments he may have made, the jury was instructed that questions themselves are not evidence, and the brief and ambiguous testimony was harmless in light of the strong evidence of Sherrer's guilt.

### 5. Sufficiency of the Evidence

Appellant contends that there was insufficient evidence to establish that the checks were "monetary instruments," that he had knowledge of the requirement to file a Customs report, and that he had specifically intended to violate the reporting requirement. The evidence is sufficient to support conviction if, viewed in the light most favorable to the prosecution, any rational trier of fact could have found these essential elements beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

There was sufficient evidence to establish that the checks were "monetary instruments" because the checks were submitted as exhibits to the jury and several witnesses testified that the checks were negotiable and in bearer form. There was sufficient evidence to establish knowledge of the reporting requirement based on Sherrer's signed Customs declaration forms from three previous entries into the United States. *See Gomez–Osorio,* 957 F.2d at 640 (declarations signed for prior *entries* after international travel supported knowledge for prosecution under § 5316 when the defendant *mailed* more than $10,000 *out* of the country). There was sufficient evidence to establish his specific intent because Sherrer knew of the requirement, used an alias on the Federal Express packages that contained the endorsed checks, and conducted his financial affairs for years to avoid scrutiny and tax liability.

### 6. Sentencing

Appellant contends that the district court erred at sentencing because

(i) the application of the tax guidelines violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); (ii) the district court did not make the required finding to apply the cross-reference per U.S.S.G. § 2S1.3(c)(1) and any finding would be clearly erroneous; and (iii) the application of the cross-reference resulted in such a dramatic increase in offense level that clear and convincing evidence was required. We review the legality of a sentence de novo. *United States v. Reyes–Pacheco,* 248 F.3d 942, 945 (9th Cir.2001). The district court's interpretation of the guidelines is reviewed de novo and its factual findings for clear error. *United States v. Johansson,* 249 F.3d 848, 858 (9th Cir.2001). When an objection to the preponderance of the evidence standard is not raised at sentencing, we review only for plain error. *United States v. Jordan,* 256 F.3d 922, 925–26 (9th Cir. 2001).

 Sherrer was sentenced to 24 months' imprisonment. Section 5322(a) provides for a maximum sentence of imprisonment for not more than five years and a fine of not more than $250,000. Because the district court did not sentence Sherrer beyond the statutory maximum, his *Apprendi* claim must fail. *Jordan,* 256 F.3d at 933–34. Moreover, the court found that the offense was committed for the purposes of violating the tax laws; therefore, it properly referred to the most appropriate tax guideline. *See* U.S.S.G. § 2S1.3(c)(1). That finding was not clearly erroneous in light of the extensive evidence of Sherrer's overall scheme to avoid scrutiny and evade the tax laws. Even if a showing of clear and convincing evidence was required, the district court satisfied this standard by finding that "there is no

question in my mind that this is part of a persistent, pervasive avoidance of paying taxes." Considering the nearly overwhelming evidence supporting its conclusion, we find no basis for reversal under the plain error standard.

**AFFIRMED.**