**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Steve C. ABRAHAMSON, Defendant–
Appellant.**

No. 07–30422.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 2008.

Filed July 21, 2008.

Stephanie Whitaker, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Tracy A. Staab, Esq., FPDWA–Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: CLIFTON and N.R. SMITH, Circuit Judges, and SANDOVAL,* District Judge.

## MEMORANDUM **

Steve C. Abrahamson appeals his conviction and eleven-month sentence for assault resulting in substantial bodily injury to a person who has not yet attained the age of sixteen years in violation of 18 U.S.C. §§ 113(a)(7) and 1153. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

### I.

We review Abrahamson's claim of insufficient evidence de novo. *United States v. Sullivan,* 522 F.3d 967, 974 (9th Cir.2008). "There is sufficient evidence to support a conviction if, 'viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). In making this determination, we "must assume that the evidence at trial was properly admitted." *United States v. Vizcarra–Martinez,* 66 F.3d 1006, 1009 (9th Cir. 1995) (citing *Lockhart v. Nelson,* 488 U.S. 33, 40–42, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988)).

The evidence at trial was sufficient to support Abrahamson's conviction. The government introduced evidence that I.A. experienced substantial bruising and swelling as a result of the assault. The child's physician opined that the assault resulted in temporary hearing loss to I.A. As a result, any rational trier of fact could have found the essential elements of the charged conduct. *See* 18 U.S.C. § 113; *United States v. Shipsey,* 363 F.3d 962, 971 n. 8 (9th Cir.2004).

### II.

We review de novo whether a statute is void for vagueness. *United States v. Hungerford,* 465 F.3d 1113, 1116 (9th Cir. 2006). "A statute is void for vagueness when it fails to give 'adequate notice to people of ordinary intelligence of what *conduct* is prohibited, or if it invites arbitrary and discriminatory enforcement.'" *Id.* at 1117 (quoting *United States v. Tabacca,* 924 F.2d 906, 912 (9th Cir.1991)).

Based on this record, we have no doubt that Abrahamson had fair notice that what he did was unlawful. *See United States v. Fitzgerald,* 882 F.2d 397, 398 (9th Cir. 1989). Any person of ordinary intelligence knows that striking a three-year old child in the face constitutes unlawful conduct. The statute at issue here, 18 U.S.C. § 113, is not void for vagueness simply because Abrahamson might not have realized that his criminal conduct was severe enough to rise to the level of felony assault.

### III.

We review the district court's decision to admit expert testimony for abuse of discretion. *See United States v. Calderon–Segura,* 512 F.3d 1104, 1109 (9th Cir.

---

* The Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2008). In *United States v. Sandoval–Mendoza,* 472 F.3d 645 (9th Cir.2006), we held that "[b]ecause medical expert opinion testimony is based on specialized as distinguished from scientific knowledge, the *Daubert* factors are not intended to be exhaustive or unduly restrictive." *Id.* at 655 (internal quotation marks and citation omitted). Under *Sandoval–Mendoza,* "[a] trial court should admit medical expert testimony if physicians would accept it as useful and reliable." *Id.*

As the government correctly notes, Abrahamson's first argument—that the district court failed to make an express finding that Dr. Whipple's methods were reliable—is contradicted by the record and therefore fails. Abrahamson also argues that the district court abused its discretion by allowing Dr. Whipple to testify because her methods were not sufficiently reliable. Nothing before us suggests that other physicians would not accept Dr. Whipple's testimony as useful and reliable. *See id.* To the contrary, the record shows that Dr. Whipple personally examined I.A., and that her expert testimony at trial was based on that examination. The district court therefore did not abuse its discretion by allowing Dr. Whipple to testify in this matter.

### IV.

We review the district court's factual determination regarding acceptance of responsibility for clear error. *United States v. Nielsen,* 371 F.3d 574, 582 (9th Cir.2004). "The determination of the sentencing judge is entitled to great deference on review because of the sentencing judge's unique position to evaluate a defendant's acceptance of responsibility." *Id.* (internal quotation marks and citations omitted). A defendant is entitled to a two-point reduction in the advisory Sentencing Guidelines if that defendant "clearly demonstrates acceptance of responsibility for his offense[.]" U.S.S.G. § 3E1.1(a). How-

ever, "[w]hen a defendant chooses to put the government to its burden of proof at trial, a downward adjustment for acceptance of responsibility should be 'rare.'" *United States v. Weiland,* 420 F.3d 1062, 1080 (9th Cir.2005) (citing U.S.S.G. § 3E1.1 cmt. n. 2).

The district court correctly determined that Abrahamson was not entitled to a downward adjustment for acceptance of responsibility given that he never admitted to the severity of his conduct. By failing to do so, Abrahamson failed to admit to the conduct compromising his offense. *See* U.S.S.G. 3E1.1 cmt. n. 1(a) ("In determining whether a defendant qualifies under subsection (a), appropriate considerations include, ... truthfully admitting the conduct comprising the offense(s) of conviction[.]"); *United States v. Mohrbacher,* 182 F.3d 1041, 1052 (9th Cir.1999) (affirming district court's denial of acceptance of responsibility reduction where defendant refused to admit to the intent element).

**AFFIRMED.**