# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 23, 2010

Lyle W. Cayce
Clerk

No. 09-20273

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RANDALL CRAIG,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
No. 4:08-CR-215-1

Before JOLLY, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Randall Craig pleaded guilty to exceeding authorized computer access, in violation of 18 U.S.C. § 1030 (a)(2)(B) & (c)(2)(B)(I), and aggravated identity theft, in violation of § 1028A. He appeals the district court's requirement that he be "prohibited from access to computers of any type or access to any device that can interface with the Internet, including cell phones and any other

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

electronic devices" during his three-year period of supervised release. Finding no reversible error, we affirm.[1]

## I.

While a subcontractor at the Marine Corps Reserve Center, Craig communicated by e-mail with an FBI agent posing as a Chinese agent. Craig gave the names and Social Security numbers of approximately 17,000 Marine employees contained in a private Marine database in exchange for $500. In addition to the agent, Craig said he had tried to interest other countries in the data. During their conversation, Craig also told the agent, "I'm a hacker. Even if I was caught, I'd get out of jail and keep hacking."

After his arrest and indictment, Craig pleaded guilty. The district court sentenced Craig to consecutive sentences totaling seventy-two months, twice the length recommended by the Sentencing Guidelines. It also imposed three years of supervised release, during which Craig would be "prohibited from access to computers of any type or access to any device that can interface with the Internet, including cell phones and any other electronic devices." Craig did not object. He now appeals.

## II.

Because Craig did not object to the condition, our review is for plain error. Plain error review gives us the discretion to reverse only if we find error that is plain and affects substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If we find such an error, we reverse only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

---

[1] Craig also argues that the district court failed to properly explain his sentence. He concedes, however, that our precedent requires him to object for reversal to be possible, so he raises the issue solely to preserve it for Supreme Court review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

No. 09-20273

District courts can impose special conditions of supervised release so long as they are reasonably related to

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need to afford adequate deterrence to criminal conduct, (3) the need to protect the public from further crimes of the defendant, and (4) the need to provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner.

*United States v. Paul*, 274 F.3d 155, 165 (5th Cir. 2001) (citing 18 U.S.C. § 3583) (quotations omitted). These conditions must not be greater than reasonably necessary to further the last three goals, but the district court has wide discretion to craft the right conditions. Simply concluding that a narrower condition would have done the job is not enough to allow us to reverse. *Id.* at 169-70.

Craig argues that the effects of the restriction on his ability to communicate with others and to obtain employment call for reversal. Any error in this case is not plain. We have twice approved similar absolute bans on computer use. *See United States v. Brigham*, 569 F.3d 220, 234 (5th Cir. 2009); *Paul*, 274 F.3d at 167-70. Craig argues that the burden imposed by the cell-phone ban is quite high, but the district court was reasonably concerned about potential access to the Internet and the condition reaches only cell phones that can access the Internet.[2] Our court has no precedent on this issue, and other courts have allowed bans on all cell phones or placed the decision in the probation officer's discretion. *United States v. Worthington*, 145 F.3d 1335, 1998 WL 279379, at *17 (6th Cir. 1998) (unpublished) (total ban)*; United States v. Mitnick*, 145 F.3d 1342, 1998 WL 255343, at *1 (9th Cir. May 14, 1998)

---

[2] The condition bans "any device that can interface with the Internet, including cell phones and any other electronic devices." Were it to reach all cell phones, it would also reach all electronic devices, regardless of their ability to access the Internet. Instead, the clause clarifies that the condition covers any cell phone or other electronic device that can connect to the Internet.

No. 09-20273

(unpublished) (probation officer's discretion).  Because there is no established precedent in our circuit that suggests such a condition of supervised release is contrary to § 3583, the error cannot be plain.  Consequently, we do not proceed to the remaining steps of the plain error review.

### III.

The judgment of the district court is

AFFIRMED.