FILED

NOT FOR PUBLICATION

MAR 15 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHNATHON FRANK,

Defendant - Appellant.

No. 11-30091

D.C. No. 2:09-cr-02075-EFS-2

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted March 9, 2012[**]
Seattle, Washington

Before: PAEZ and MURGUIA, Circuit Judges, and TUCKER, District Judge.[***]

Appellant Jonathon Frank was charged with (Count One) a crime on an

Indian reservation - assault resulting in serious bodily injury and aiding and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Josephine Staton Tucker, United States District Judge
for the Central District of California, sitting by designation.

abetting, in violation of 18 U.S.C. §§ 1153, 113(a)(6), and 2; and (Count Two) a crime on an Indian reservation - voluntary manslaughter and aiding and abetting, in violation of 18 U.S.C. §§ 1153, 1112, and 2. Having pled guilty pursuant to a conditional guilty plea, Frank appeals the district court's order granting the government's motion to exclude Frank's defense of diminished capacity and related expert testimony. We review *de novo* whether diminished capacity is a defense to a charged offense. *United States v. Vela*, 624 F.3d 1148, 1154 (9th Cir. 2010). We do not recite the facts as they are known to the parties.

A diminished capacity defense is "ordinarily available only when a crime requires proof of a specific intent." *Id.* (citing *United States v. Twine*, 853 F.2d 676, 679 (9th Cir. 1988)). Assault resulting in seriously bodily injury is a general intent crime. *United States v. Fitzgerald*, 882 F.2d 397, 399 (9th Cir. 1989).[1] Voluntary manslaughter, 18 U.S.C. §1112, is also a general intent crime. *Kane v. United States*, 399 F.2d 730, 736 (9th Cir. 1968). There is no legal authority for Frank's claim that his alleged use of a weapon transformed these charges into specific intent crimes. Because the crimes with which Frank was charged are both

---

[1] *Fitzgerald*, 882 F.2d at 399 (9th Cir. 1989), examined assault causing serious bodily injury as codified at 18 U.S.C. § 113(f), which has since been re-codified as 18 U.S.C. § 113(a)(6). *See* Pub. L. No. 103-322, §§ 170201(c)(4)-(6), 108 Stat. 1796 (1994).

general intent crimes, we hold that the district court did not err in excluding the defense of diminished capacity and any evidence thereof. *Vela*, 624 F.3d at 1154.

**AFFIRMED.**