**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1758
_____

United States of America

v.

Jason S. Erickson,
                                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 4-04-cr-00389-001)
District Judge: Hon. Matthew W. Brann

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 9, 2016
_____

Before:  SMITH, *Chief Judge*, McKEE and RESTREPO, *Circuit Judges*.

(Opinion filed: May 24, 2017)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Jason Erickson appeals the District Court's Order revoking his Supervised Release and imposing a sanction of nine months' imprisonment followed by one year of supervised release. Although Erickson's computer use clearly violated the conditions of his Supervised Release, it appears from the sentencing colloquy that the sanction may also have been based on Erickson's cell phone usage. Because cell phones are not clearly included in the Supervised Release condition that Erickson was charged with violating, and because Erickson did not use a cell phone to access child pornography, we will remand for resentencing so that the District Court can more plainly impose a sanction based solely on the conduct that actually violated the terms of the Supervised Release.

**I**

In March 2005, Erickson pleaded guilty to the charge of Sexual Exploitation of a Child stemming from the discovery of child pornography on a computer he was using. The resulting sentence included a term of Special Release with specific conditions. One of those conditions forbade him from "possess[ing] or us[ing] a computer with access to any on-line computer service at any location (including employment) without prior approval of the Probation Officer."[1] That condition specifically "include[d] [access to] any Internet service provider,

_____

[1] App. 19. A sentencing judge is given wide discretion in imposing a sentence. However, the discretion is not absolute and must be exercised within the parameters of 18 U.S.C. § 3583. *United States v. Crandon*, 173 F.3d 122, 127 (3d Cir. 1999). "Section 3583(d) requires a sentencing court to impose certain statutorily mandated conditions as part of any term of supervised release," but the statute also allows the court to impose more specific conditions of supervised release tailored to the specific offense and offender. *United States v. Voelker*, 489 F.3d 139, 143 (3d Cir. 2007).

2

bulletin board system, or any other public or private computer network."[2]  Erickson was also required to truthfully answer all probation inquiries.[3]

Despite that restriction, a routine home contact by probation officers during Erickson's supervised release revealed three cellular telephones in Erickson's possession, each of which was capable of Internet access.  Thereafter, Erickson's probation officer discovered that a memory card from one of Erickson's cell phones contained non-employment-related content downloaded from Internet sources.

Erickson conceded that he had used a computer at an employment search agency to access the Internet.  Erickson knew he had approval to use the search agency's computers for employment purposes only, and he admitted that he had bypassed the agency computers' filtering software to download non-employment-related content to later access on his cell phone.

Based upon this information, the Probation Officer filed a revocation petition with the District Court.  During the petition hearing, Erickson pleaded not guilty, but he offered no evidence to contradict the Probation Officer's testimony about the events we have just described. The District Court granted the revocation petition and sentenced Erickson to nine months of incarceration followed by another period of supervised release of one year. [4]  This appeal followed.

**II**

---

[2] App. 19.

[3] App. 18. ("[T]he defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer[.]").

[4] A district court may find that a defendant has violated conditions of supervised release by a preponderance of the evidence.  18 U.S.C. § 3583(e)(3); *United States v. Maloney*, 513 F.3d 350, 354 (3d Cir. 2008).

We review the District Court's factual findings for clear error[5] and its decision to revoke supervised release for abuse of discretion.[6]

The record clearly supports the District Court's conclusion that Erickson violated certain terms of his supervised release.[7] The Probation Officer testified that Erickson admitted to overriding software filters on an employment agency computer so that he could access Internet sites that were beyond his limited approval for Internet access. Erickson's actions violated the Supervised Release condition forbidding him from "possess[ing] or us[ing] a computer with *access to any on-line computer service at any location (including employment) without prior approval of the Probation Officer*."[8]

When Probation asked Erickson whether he had accessed the Internet specifically to view non-employment-related websites, he initially denied it, but later admitted this conduct. That behavior violates his Supervised Release condition to "answer truthfully to all inquiries by the probation officer and follow the instructions of the probation officer."[9]

---

[5] *United States v. Blackmon*, 557 F.3d 113, 118 (3d Cir. 2009).

[6] *United States v. Doe*, 617 F.3d 766, 769–70 (3d Cir. 2010).

[7] *United States v. Poellnitz*, 372 F.3d 562, 566 (3d Cir. 2004) ("[T]o revoke probation it is not necessary that the probationer be adjudged guilty of a crime, but only that the court be reasonably satisfied that he has violated one of the conditions." (quoting *United States v. Manuszak*, 532 F.2d 311, 317 (3d Cir. 1976))).

[8] App. 19 (emphasis added). Erickson argues that the Supervised Release condition requiring Probation's approval contained no language specifying limits on his employment search agency computer usage once he obtained approval. However, we think it only reasonable to conclude that the Probation Officer approved Erickson's use of the search agency computers precisely because the computers' firewall software would likely prevent him from accessing non-employment-related websites, per his condition.

[9] App. 18. We reject Erickson's challenge that Officer Hunt's hearing testimony is not credible. Based on our review of the record, we have no reason to doubt her credibility or the District Court's ruling based on her testimony. *See United States v. Price*, 558 F.3d 270, 276–77 (3d Cir. 2009) ("A finding is clearly erroneous when although there is evidence to support it" we are "left with the definite and firm conviction that a mistake has been committed." (internal quotation marks omitted)).

4

However, during sentencing on the revocation petition, the District Court did not limit itself to that conduct. Rather, the court focused on Erickson's use of his cell phone to such an extent as to suggest that the court also viewed the cell phone use as a violation of the conditions of Erickson's supervised release. Indeed, at the end of Erickson's hearing, the District Court judge summarized the facts supporting revocation without once even mentioning the word, "computer." Yet, Erickson was charged with violating the Supervised Release condition forbidding possession or use of a computer with Internet access (along with the condition requiring truthful answers to probation officers' questions). That Supervised Release condition made no mention of possession or use of a cell phone with (or without) Internet access.

The Government suggests that this discrepancy is of no consequence because Erickson's Conditions were "clearly intended" to thwart "unmonitored Internet access" and directly relate to his criminal conduct of disseminating and receiving pornographic images of children via the Internet.[10] The Government contends that to "ignore [Erickson's] unauthorized use of cellular telephones to access the Internet"[11] would run afoul of that intention.

What actually runs afoul of that intention is the Government's drafting of the specific Supervised Release condition language, not our resolution of this appeal. The Government wants us to infer that Erickson knew that a cell phone was included within language that only pertained to computers even though cell phones are not mentioned in the Supervised Release's terms. We resist the argument that one can be sanctioned for conduct that s/he may not reasonably have known was prohibited by terms of supervised release that were imposed.[12]

---

[10] Appellee's Br. 10–11.
[11] Appellee's Br. 11.
[12] Our discussion here is in no way intended to suggest anything about whether such a term would be appropriate or reasonable.

Moreover, Internet access via "mobile devices" has become an integral part of daily routines in our society. It is increasingly becoming the vehicle by which we read books and newspapers, pay our bills, and do our shopping. Accordingly, courts must be exceedingly careful when imposing Supervised Release conditions that potentially implicate Internet access via mobile devices.[13]

### III

Since we cannot be sure of the extent to which the District Court relied upon Erickson's cell phone possession and use to fashion an appropriate sanction for the otherwise clear violation of the terms of Erickson's Supervised Release, we will vacate the sentencing judgment and remand so the District Court can reconsider an appropriate sanction in light of our discussion.

---

[13] *See United States v. Voelker*, 489 F.3d 139, 148 (3d Cir. 2007) (recognizing "that attempts to tailor conditions of supervised release to the specifics of an offense involving computers and the internet are particularly difficult given the extent to which computers have become part of daily life and commerce," but finding that such offense-related restrictions must be "appropriately tailored and impose no greater restriction on [a defendant's] liberty than necessary"). For example, Erickson's Supervised Release conditions could have targeted an intention to "prevent unmonitored access" more explicitly by including cell phones or other consumer devices with computer chips, or by including language otherwise specifying limits on Erickson's Internet access. *See, e.g.*, *United States v. Cunningham*, 694 F.3d 372, 382 n.12 (3d Cir. 2012) (reviewing the imposition of a supervised release condition wherein the defendant was "permitted to possess and/or use a computer and cell phone" but "prohibited from accessing the Internet through any device"); *United States v. Brumberg*, No. CRIM. 11-125, 2013 WL 1290809, at *2–3 (W.D. Pa. Mar. 27, 2013) (correcting its "overly broad computer and internet restriction" and replacing it with a supervised release condition wherein the defendant was "not permitted to use a computer, or other electronic communication or data storage devices, including a cell phone" to access child pornography). *See also United States v. Craig*, 383 F. App'x 445, 446 (5th Cir. 2010) (not precedential) (reviewing the imposition of a supervised release condition wherein the defendant was "prohibited from access to computers of any type or access to any device that can interface with the Internet, including cell phones and any other electronic devices").