NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 29 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-50031 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00404-DMG-1 |
| v. | |
| ANTONIO ULISES BARRERA-MACKORTY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, Chief District Judge, Presiding

Argued and Submitted July 12, 2024
Pasadena, California

Before: IKUTA and NGUYEN, Circuit Judges, and ANELLO,[**] District Judge.

Antonio Ulises Barrera-Mackorty ("Barrera-MacKorty") appeals his

conviction under 18 U.S.C. § 1425(a) for procuring naturalization by means

contrary to law. We review a challenge that a statute is unconstitutionally vague

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Michael M. Anello, United States District Judge for the Southern District of California, sitting by designation.

de novo, *United States v. Mincoff*, 574 F.3d 1186, 1192 (9th Cir. 2009), the admission of evidence for abuse of discretion, *United States v. Cox*, 963 F.3d 915, 924-25 (9th Cir. 2020), and a denial of a motion for a judgment of acquittal de novo, *United States v. Aubrey*, 800 F.3d 1115, 1124 (9th Cir. 2015). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Barrera-Mackorty argues that the statute, 18 U.S.C. § 1425(a), together with Question 15[1] of the Application for Naturalization, Form N-400, are unconstitutionally void for vagueness. Specifically, Barrera-Mackorty argues that the statute did not give him notice that he was committing a crime when he answered "no" to Question 15. He contends that because the words "crime" and "offense" are not properly defined in the question, and the context of the other questions in the form imply law enforcement involvement, a person of ordinary intelligence would not realize that his "no" response to Question 15 would be illegal.

We ask whether a person of "ordinary intelligence" would have notice that "the conduct in question is prohibited." *United States v. Parker*, 761 F.3d 986, 991 (9th Cir. 2014); *United States v. Fitzgerald*, 882 F.2d 397, 398 (9th Cir. 1989). Using the "common understanding of the terms of [the] statute," we find that

---

[1] Question 15 asks: "Have you **ever** committed a crime or offense for which you were **not** arrested?"

2

§ 1425(a) is not vague. *Fitzgerald*, 882 F.2d at 398. Under these facts, there is no confusion that Barrera-Mackorty's answer to Question 15 should have been "yes." By his guilty plea, Barrera-Mackorty admitted that he committed child molestation, conduct that any person of ordinary intelligence would know is a crime. Additionally, Barrera-Mackorty filled out form N-400 under penalty of perjury. A person of ordinary intelligence would know that lying on Question 15 in order to obtain citizenship is illegal.

2. The district court did not abuse its discretion in admitting evidence of Barrera-Mackorty's prior conviction, despite his willingness to stipulate that he was convicted of a felony offense. When evidence addresses a "number of separate elements," including "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," a stipulation does not have to be accepted by the government. *See Old Chief v. United States*, 519 U.S. 172, 187, 190 (1997).

Here, evidence of the prior conviction was relevant not only to show that Barrera-Mackorty was convicted of a crime, but also his knowledge and motive. A stipulation here would not be a "full admission of the element of the charged crime in issue" and thus the government need not accept it. *United States v. Allen*, 341 F.3d 870, 888 (9th Cir. 2003). Because the evidence was relevant, the district court did not allow any "potentially inflammatory details" to be admitted, and it

gave a limiting instruction, any prejudice did not substantially outweigh the probative value of such evidence here. *See United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995).

3. Finally, the district court did not err in denying Barrera-Mackorty's motions for a judgment of acquittal based on insufficient. We "view[] the evidence in the light most favorable to the prosecution" then determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010). We find that there was sufficient evidence that Barrera-Mackorty knowingly made a false statement in violation of § 1425(a). Barrera-Mackorty filled out the form at a law firm with assistance, and then it was reviewed by an attorney. Officer Exum also testified that in the interview, he went through form N-400 with Barrera-Mackorty, who did not request an accommodation, did not appear to have trouble understanding any questions, and who passed the English proficiency part of the interview. Further, his ex-wife and foster son both testified that they all spoke English in the home.

**AFFIRMED**.