Slip Op. 19-147

## UNITED STATES COURT OF INTERNATIONAL TRADE

<table>
<tr><td>

UNITED STATES,

    **Plaintiff,**

    v.

**GREENLIGHT ORGANIC, INC., and
PARAMBIR SINGH "SONNY"
AULAKH,**

    **Defendants.**

</td><td>

Before: Jennifer Choe-Groves, Judge

Court No. 17-00031

</td></tr>
</table>

## OPINION

[Granting Defendant's motion to dismiss for failure to state a claim upon which relief may be granted.  Judgment will be entered in 45 days.]

Dated: November 25, 2019

William Kanellis and Kelly Krystyniak, Trial Attorneys, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Plaintiff United States.  With them on the brief were Joseph H. Hunt, Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.

Robert Silverman, Robert Seely, and Angela Santos, Grunfeld Desiderio Lebowitz Silverman & Klestadt LLP, of New York, NY, for Defendant Parambir Singh Aulakh.

Choe-Groves, Judge:  Plaintiff United States ("Plaintiff" or "Government") brings this civil enforcement action against Greenlight Organic, Inc. ("Greenlight") and Parambir Singh "Sonny" Aulakh ("Aulakh") (together, "Defendants") to recover unpaid duties and fees and affix penalties for violations of 19 U.S.C. § 1592(a) and (d) (2012).  Summons, Feb. 8, 2017, ECF No. 1; First Am. Compl. ¶ 1, ECF No. 111 ("Am. Compl.").  The Government alleges that "Greenlight, under the direction of Aulakh," "knowingly made material false statements" about the classification and valuation of "approximately 122 entries" of wearing apparel imported into

the commerce of the United States.  Am. Compl. ¶ 5.  Defendant Aulakh moves to dismiss the complaint under Rules 9(b) and 12(b)(6) of the United States Court of International Trade ("USCIT") for failure to state a claim upon which relief can be granted.  Def.'s Mot. to Dismiss, June 3, 2019, ECF No. 120 ("Def.'s Mot."), and Mem. of Law in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem."), ECF No. 120-1.[1]  Plaintiff opposed Aulakh's motion.  Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n"), July 8, 2019, ECF No. 121.  Aulakh replied.  Reply Mem. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Reply"), July 29, 2019, ECF No. 122.  For the following reasons, Aulakh's motion to dismiss is granted, and judgment will be entered if Plaintiff fails to file an amended complaint within 45 days of the issuance of this opinion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[2]

The Government asserts that at all relevant times, Aulakh was owner and president of Greenlight, a California corporation with a place of business in Nevada.  Am. Compl. ¶¶ 3–4.  Plaintiff alleges that from January 1, 2007 to December 31, 2011, "Greenlight, under the direction of Aulakh," misclassified and undervalued shipments of athletic wearing apparel into the United States under cover of approximately 122 entries from a manufacturer in Vietnam.  Id. ¶ 5.  The Government alleges that "Greenlight, under the direction of Aulakh and other Greenlight agents, falsely represented to CBP [U.S. Customs and Border Protection]" that the

---

[1] Greenlight does not join in Aulakh's motion to dismiss.

[2] In deciding a Rule 12(b)(6) motion to dismiss, the court takes the facts alleged in the complaint, and all reasonable inferences drawn from those facts, in the plaintiff's favor.  A & D Auto Sales, Inc. v. United States, 748 F.3d 1142, 1147 (Fed. Cir. 2014); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In a Rule 12(b)(6) setting, the court may also consider documents "incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record."  A & D Auto Sales, Inc., 748 F.3d at 1147 (internal quotation marks and citation omitted).

wearing apparel was comprised of woven materials even though the subject merchandise was comprised of knitted materials subject to higher tariff levels under the Harmonized Tariff Schedule of United States ("HTSUS"). Id. ¶¶ 6–7. The complaint asserts that "Greenlight, Aulakh, and other Greenlight agents" "instructed the manufacturer of [the approximately 122] entries to falsely state" that the wearing apparel was comprised of recycled polyester, instead of first-run polyester. Id. ¶ 8. The Government alleges that misclassification of "approximately 122 entries of wearing apparel" resulted in Greenlight paying lower duty amounts than it would have paid had the subject entries been classified correctly. Id. ¶ 9.

When entering the wearing apparel, the Government argues that "Greenlight, under the direction of Aulakh and other Greenlight agents," understated the value of approximately 122 entries by taking the following actions: (1) creating and providing CBP a second set of invoices understating the subject entries' transaction costs, id. ¶¶ 10–12; (2) subtracting unsupported freight and insurance costs, id. ¶ 13; and (3) failing to notify CBP that they "had supplied its manufacturer source fabric materials for certain entries," id. ¶ 14.

CBP issued a pre-penalty notice to Greenlight on or about April 15, 2014, alleging that the company's violations were the result of fraud. Id. ¶ 18; Def.'s Mot., Ex. A. The pre-penalty statement showed that the Section 1592 violation was for "Entries made through various Ports of Entry during the period of July 18, 2007 through September 07, 2012." Compare Def.'s Mot., Ex. A with Am. Compl. ¶ 5 (alleging that Defendants entered the subject merchandise between January 1, 2007 and December 31, 2011).

Just over two weeks later, then-counsel for Greenlight submitted to CBP a Freedom of Information Act ("FOIA") request on April 30, 2014. Def.'s Mot., Ex. B. Greenlight sought

records that would aid in responding to the pre-penalty notice because Greenlight was unable to discern what entries CBP found to be misclassified and how the agency calculated the duties and fees owed. Def.'s Mot., Exs. B, F.

While the FOIA request remained pending, Greenlight sought a 30-day extension in responding to the pre-penalty notice on May 15, 2014. Def.'s Mot., Ex. C. CBP denied Greenlight's extension request that same day. Id. In denying the extension, CBP noted that Greenlight had declined to execute a voluntary statute of limitations waiver and, even if Greenlight had executed the waiver, CBP would only "consider" any extension request. Id. Greenlight filed no response to the pre-penalty notice. Am. Compl. ¶ 20; Def.'s Mot., Ex. E.

CBP issued Greenlight a penalty notice and duty demand alleging fraud the day after denying the company's extension request on May 16, 2014. Am. Compl. ¶ 21; Def.'s Mot., Ex E.[3] Absent a properly executed statute of limitations waiver, Greenlight had seven business days to explain why the company should not pay the monetary penalty. Def.'s Mot., Ex. E. Greenlight responded to the amended penalty notice on June 28, 2014. Def.'s Mot., Ex. F. Greenlight informed CBP that it had received the payment demand and had appealed CBP's FOIA response with the aim of using the responsive records to ascertain how much Greenlight could afford to pay. Id. Greenlight did not pay the duties or penalty owed. Am. Compl. ¶ 22.

---

[3] CBP's penalty notice demanded payment of $238,516.56 in duties representing the actual loss of revenue. Def.'s Mot., Ex. E. In the pre-penalty notice, CBP demanded a lower amount— $217,968.22—as payment representing the actual loss of revenue. Def.'s Mot., Ex. A.

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Courts are not required to accept as true "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" Id.; Kam-Almaz v. United States, 682 F.3d 1364, 1368 (Fed. Cir. 2012) (citations omitted).

Although intent or knowledge may be alleged generally, "the circumstances constituting fraud" must be stated "with particularity[.]" USCIT R. 9(b); Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1326 (Fed. Cir. 2009). The plaintiff must inject factual precision or some measure of substantiation, i.e., pleading in detail "the who, what, when, where, and how of the alleged fraud." Exergen, 575 F.3d at 1327 (citation omitted).

## III.   DISCUSSION

The Government seeks to recover a monetary penalty and unpaid duties under 19 U.S.C. § 1592(a) and (d) for Defendants' importation of approximately 122 entries of athletic wearing apparel into the United States. Am. Compl. ¶¶ 32–34 (Count I); ¶¶ 35–37 (Count II). Aulakh moves to dismiss on two grounds: (1) administrative exhaustion and (2) failure to state a claim. See Def.'s Mem. 8–23.

### 1. Exhaustion

Aulakh argues that dismissal is warranted because Plaintiff failed to exhaust its administrative remedies. Id. at 8–17. Aulakh contends that the Government failed to perfect its penalty claim at the administrative level because CBP failed to identify with specificity the subject entries, the alleged violations (i.e., value, misclassification, or assists), or each entry's loss of revenue calculation. Id. at 12. The Government responds that, even if true, any deficiencies about CBP's penalty process "would have no legal import because all issues, including the amount of the penalty, shall be tried *de novo*." Pl.'s Opp'n 11. Plaintiff then argues that Aulakh had notice and opportunities to be heard because Aulakh participated in the administrative penalty process on Greenlight's behalf, authorized counsel to represent Greenlight, and directed Greenlight's FOIA application. Id. at 15.

The exhaustion doctrine compels pursuing the prescribed administrative remedies before seeking judicial review. United States v. Priority Prods., Inc., 793 F.2d 296, 300 (Fed. Cir. 1986)). "[T]he Court of International Trade shall, where appropriate, require the exhaustion of administrative remedies." 28 U.S.C. § 2637(d). "[E]xhaustion is not strictly a jurisdictional requirement" and may be waived at the court's discretion. United States v. Nitek Elecs., Inc., 806 F.3d 1376, 1381 (Fed. Cir. 2015).

To perfect its administrative penalty claim, CBP must issue pre-penalty and penalty notices containing certain information. United States v. Jean Roberts, 30 CIT 2027, 2030 (2006) (citing 19 U.S.C. §§ 1592(b)(1)–(2)). The pre-penalty notice must identify and describe the subject entries, the laws and regulations violated, the material facts satisfying the alleged violation, the assigned culpability determination (fraud, gross negligence, or negligence), the

estimated loss of lawful duties and fees and amount of the proposed monetary penalty, and inform the alleged violator of the opportunity to make oral and written representations as to why the penalty claim should not issue in the amount stated. 19 U.S.C. § 1592(b)(1). If CBP finds that a violation occurred, then the agency issues a penalty claim. 19 U.S.C. § 1592(b)(2). CBP must then give the importer "a reasonable opportunity . . . to make representations, both oral and written, seeking remission or mitigation of the monetary penalty." Id. If the importer declines to pay the penalty, then Plaintiff may file suit seeking satisfaction of the payment obligation. 19 U.S.C. §§ 1592(b)(2), (e)(2).

Aulakh's contention that Plaintiff failed to perfect the penalty claim at the administrative level is without merit. The record reflects that Aulakh, represented by counsel, received notice that CBP intended to assert liability against him for customs penalties owed by Greenlight and was given notice and a right to be heard throughout the administrative penalty process. See Pl.'s Opp'n, Exs. A–H; Def.'s Mot, Exs. A, E, F. The court affords no deference to CBP's findings because the facts and penalty amount are decided *de novo* on the record before the court. Nitek Elecs., Inc., 806 F.3d at 1380 ("[I]f Customs determines that the importer violated [Section 1592] based on negligence, the court does not need to give any deference to Customs' finding that the importer was negligent.").

### 2. Sufficiency of the Allegations

Aulakh avers that even if Plaintiff perfected its penalty claim at the administrative level, the fraud allegations lack the requisite level of particularity. See Def.'s Mem. 17–22. Aulakh finds fault with Plaintiff alleging generally that Aulakh directed Greenlight to knowingly make material false statements as to the composition, value, and source of fabrics of wearing apparel.

Id. Nowhere in the complaint does the Government identify the who, what, when, where, and how supporting the fraud claim and, to that end, identify the entries for which Aulakh allegedly directed the material false statements that perpetrated the fraudulent misclassification and undervaluation scheme. Id. at 20. The Government responds by merely reciting the facts alleged in the complaint, such as pleading the time of the affirmative misrepresentations (from January 1, 2007 to December 31, 2011), the fact that the subject merchandise involved approximately 122 entries of wearing apparel from a manufacturer in Vietnam, and that Aulakh made material false statements aimed at misclassifying and undervaluing the subject merchandise. See Pl.'s Opp'n 17–21.

To sustain a Section 1592(a) violation, Plaintiff must show that a person entered, introduced, or attempted to enter or introduce merchandise into the United States by means of a material and false statement, document or act, or a material omission. 19 U.S.C. § 1592(a)(1)(A)(i)–(ii); see United States v. Inn Foods, Inc., 560 F.3d 1338, 1343 (Fed. Cir. 2009). Entry or introduction of merchandise occurs when a person "bring[s] goods to the threshold of the process of entry by moving goods into CBP custody in the United States and providing critical documents[.]" United States v. Trek Leather, Inc., 767 F.3d 1288, 1299 (Fed. Cir. 2014) (en banc). A statement, document, act, or omission is "material" if it had the potential to "influence [CBP]'s decision in assessing duties." United States v. Thorson Chem. Corp., 16 CIT 441, 448, 795 F. Supp. 1190, 1196 & n.9 (1992) (citing CBP regulation 19 C.F.R. Part 171, Appendix B, which "define[s] a material statement as one which has the potential to alter the classification or admissibility of merchandise, or the liability for duty"). Plaintiff bears the elevated burden of proving fraud by clear and convincing evidence. 19 U.S.C. § 1592(e)(2).

In this case, the fraud allegations lack the factual precision or substantiation required under USCIT Rule 9(b).  Nowhere in or attached to the complaint does the Government identify necessary and relevant information needed to substantiate a plausible fraud claim, such as identifying with specificity the "approximately 122 entries of wearing apparel" at issue here, a loss of revenue calculation, and the applicable HTSUS provision.  See Am. Compl. ¶¶ 1, 5–7, 9. And nowhere does Plaintiff identify or attribute to a specific Defendant who made what statements that were false and material, or critically, the degree of each Defendant's participation in the fraudulent scheme.  See, e.g., id. ¶¶ 7–10 (alleging that Aulakh directed Greenlight to create two sets of invoices without identifying the extent of each Defendant's involvement); Def.'s Reply, Exs. H–M (reflecting invoices that were issued by vendors, not Greenlight). Instead, Plaintiff combines Greenlight, Aulakh, and "and other Greenlight agents" together to allege that they "knowingly made material false statements" about the classification and value of the subject merchandise.  See Am. Compl. ¶¶ 6–8, 10–16, 24 (alleging as a group that "Greenlight, under the direction of Aulakh, and other Greenlight agents," made false statements aimed at misclassifying and undervaluing the subject merchandise).

The complaint is replete with allegations that, because of his high-level role as Greenlight's owner and president, Aulakh must have directed Greenlight to make materially false and misleading statements.  Id. ¶ 6 ("Greenlight, under the direction of Aulakh and other Greenlight agents, falsely represented to CBP" the composition of  "approximately 122 entries of wearing apparel"), ¶¶ 10, 12 ("Greenlight, under the direction of Aulakh and other Greenlight agents, knowingly understated the value of the athletic wearing apparel by creating more than one set of invoices for the same entries" and submitted invoices with understated transaction

costs), ¶ 13 ("Greenlight, under the direction of Aulakh and other Greenlight agents, knowingly deducted freight and insurance costs for the wearing apparel when . . . no basis existed"), ¶ 14 ("Greenlight, under the direction of Aulakh and other Greenlight agents," undervalued the subject merchandise when they "failed to notify CBP that it had supplied its manufacturer source fabric materials for certain entries"), ¶ 16 ("Greenlight, under the direction of Aulakh, and other Greenlight agents, made [ ] false statements to CBP regarding misclassification and undervaluation knowing that [the statements] were false").  Absent adequate facts supporting the fraud allegations, Plaintiff cannot impute knowledge to Aulakh merely by virtue of his position of power and influence over Greenlight.  See Exergen, 575 F.3d at 1327 & n.4.

Plaintiff contends that a pre-Iqbal case, United States v. Rotek, Inc., 22 CIT 503 (1993), provides support for meeting Rule 9(b)'s heightened pleading requirements.  In Rotek, Inc., the Court held that the plaintiff adequately pleaded a Section 1592 penalty claim based on a lower culpability finding of negligence.  Id. at 513.  Plaintiff overlooks that this court must apply Iqbal-Twombly plausibility pleading standards to "all civil actions," with limited exceptions that are not relevant in this case.  Iqbal, 556 U.S. at 684; see also United States v. Nitek Elecs., Inc., 36 CIT 546, 548–49, 840 F. Supp. 2d 1298, 1302 (2012), aff'd 806 F.3d 1376 (Fed. Cir. 2015) (reviewing a Section 1592 claim for plausibility under Twombly and Iqbal when ruling on a Rule 12(b)(6) motion to dismiss).

### 3. Leave to Amend

Without filing a motion to amend the complaint, Plaintiff nonetheless seeks leave to file a more definite statement if the court finds the allegations to be pled inadequately.  Pl.'s Opp'n 21

(citing United States v. Koo Chow, 17 CIT 1372, 1377, 841 F. Supp. 1286, 1290 (1993)).  The court construes Plaintiff's request as one seeking to leave to amend.

A party may move for a more definite statement if the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response."  USCIT R. 12(e).  Allegations lacking sufficient factual detail may be cured through amendment "when justice so requires." USCIT R. 15(a)(2).[4]  Generally, courts should allow repleading if the complaint gives any indication that a valid claim might be stated.  A & D Auto Sales, Inc., 748 F.3d at 1158.  Courts have discretion to deny leave for certain reasons, including futility, bad faith, undue delay, or undue prejudice to the opposing party.  Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). In this case, the court will permit a curative amendment because it does not appear that repleading the claims would be inequitable or futile.

### 4. Greenlight Organic, Inc.'s Failures to Obtain Counsel, Plead, and Otherwise Defend Itself in this Action

The court granted the motion of Greenlight's counsel to withdraw its appearance in this matter on February 27, 2019.  Order, ECF No. 108.  The court gave Greenlight 30 days to retain substitute counsel and cautioned that a failure to obtain counsel would support entertaining a motion for default judgment under USCIT Rule 55.  Id.  Over eight months later, Greenlight has neither retained licensed counsel nor pleaded or otherwise defended itself in this action.

---

[4] The Rules of the Court are, to the extent practicable, in conformity with the Federal Rules of Civil Procedure.  The Rules of the Court at times deviate from the Federal Rules of Civil Procedure when required to tailor the rules to the actions ordinarily brought before the Court. See, e.g., USCIT R. 56.2.  Except for minor differences in USCIT Rule 15(c)(2), USCIT Rule 15 is identical to Rule 15 of the Federal Rules of Civil Procedure.

"It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel." <u>Rowland v. California Men's Colony</u>, 506 U.S. 194, 201–02 (1993). In this case, absent action by Greenlight and as directed per this court's Order of February 27, 2019, Greenlight may be subject to potential consequences for its failure to plead or otherwise defend, including an entry of default and entry of a default judgment. USCIT R. 55 (noting that, under USCIT Rule 55(a), the clerk must enter a default against a party that "has failed to plead or otherwise defend"). The Government has not yet filed a motion for default judgment against Greenlight.

## IV. CONCLUSION

For the reasons set forth above, Defendant Aulakh's motion to dismiss is granted. The court will defer filing an order of judgment for forty-five (45) days. If the Government fails to file a second amended complaint addressing the deficiencies noted herein within forty-five (45) days from the date of this opinion, the court will file an order of judgment dismissing the complaint with prejudice.

        /s/ Jennifer Choe-Groves
        Jennifer Choe-Groves, Judge

Dated: November 25, 2019
      New York, New York